974 So.2d 849 (2008)
STATE of Louisiana, Appellee,
v.
Kendrick HARRIS, Appellant.
Nos. 43,037-KA, 43,038-KA.
Court of Appeal of Louisiana, Second Circuit.
January 30, 2008.
*851 Louisiana Appellate Project by Edward K. Bauman, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, John W. Montgomery, Marcus R. Patillo, Assistant District Attorneys, for Appellee.
Before BROWN, PEATROSS & LOLLEY, JJ.
PEATROSS, J.
Defendant, Kendrick Harris, pleaded guilty to possession of cocaine with intent to distribute and distribution of cocaine. For each offense, the trial court sentenced Defendant to ten years at hard labor, with the first two years to be served without benefit of parole, probation or suspension of sentence, and ordered that the sentences be served concurrently. Defendant now seeks review of his sentences. For the reasons stated herein, we affirm.

FACTS
In Docket No. 43,037-KA, the State charged Defendant with one count of possession of cocaine with intent to distribute, and in Docket No. 43,038-KA, the State charged Defendant with three counts of distribution of cocaine. As the result of a plea agreement, Defendant pleaded guilty to one count of possession of cocaine with intent to distribute and one count of distribution of cocaine in exchange for the State's dismissal of the remaining two counts of distribution of cocaine and agreement not to charge Defendant as a habitual offender. The State agreed that the sentences would be determined by the trial court and recommended that the sentences be imposed concurrently. In regard to the factual basis, the State alleged that the offense of possession of cocaine with intent to distribute was based upon a police officer finding a plastic bag with cocaine in Defendant's crotch on January 6, 2006. In regard to the distribution of cocaine offense, the State alleged that Defendant distributed cocaine to a confidential informant on August 7, 2006, and that this transaction was recorded on videotape.
After accepting Defendant's guilty plea to both offenses, the trial court ordered a pre-sentence investigation report. At the subsequent sentencing hearing, the trial court sentenced Defendant to ten years at hard labor for each offense, the first two years of which to be served without benefit of parole, probation or suspension of sentence, and ordered that the sentences be served concurrently.

DISCUSSION
Defendant argues that concurrent ten-year sentences are constitutionally excessive because they are grossly disproportionate to the offenses committed and because he is a drug addict in need of rehabilitation that could be best provided in a non-custodial environment. Defendant further argues that the trial court did not adequately consider the mitigating circumstances in this case, such as the following: his age; lack of prior convictions for violent offenses; the fact that he did not inflict physical or psychological harm on anyone during the commission of these offenses; the fact that he has a drug problem; and that ten of the aggravating circumstances listed in La. C. Cr. P. art. 894.1 do not apply to him. The State argues that the sentences imposed are not excessive because Defendant received the benefit of a substantial reduction of sentence exposure through this plea agreement.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the *852 criteria set forth in La. C. Cr. P. art 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Where the record clearly shows an adequate factual basis for the sentences imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La. App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 04-2606 (La.6/24/05), 904 So.2d 728.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385. Further, a substantial advantage obtained by means of a plea bargain, such as a reduction of charge where the evidence shows that the defendant was guilty of a more serious offense, is a legitimate consideration in sentencing. State v. Ross, 35,552 (La.App.2d Cir.2/27/02), 811 So.2d 176; State v. Jackson, 27,056 (La.App.2d Cir.6/21/95), 658 So.2d 722.
The trial court shall exercise its sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829 (La.1981). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539. The trial court is given wide discretion to impose sentence within the statutory limits and the sentence imposed within such limits should not be set aside in the absence of a manifest abuse of its discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7, citing State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Washington, 414 So.2d 313 (La.1982); State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Cook, supra.
Before imposing sentence, the trial court asked Defendant if there was anything that he wanted to say, and Defendant declined. The trial court noted that Defendant had stated in the pre-sentence investigation that he needed help, and the *853 trial court stated that "I think that has become apparent as you have progressively failed to abide by the laws (sic) as it relates to controlled dangerous substances." The trial court specifically noted that it had considered the contents of the pre-sentence investigation report and the sentencing considerations of La. C. Cr. P. art. 894.1. The trial court noted Defendant's age of 25 as being relatively young, that this was his third felony offense and that Defendant was not eligible for probation. The trial court specifically noted that the serious nature of the offenses requires a serious sentence. In light of these aggravating factors, the trial court found that Defendant posed an undue risk of committing another crime if allowed probation or a suspended sentence, that he was in need of correctional treatment or a custodial environment and that a lesser sentence would deprecate the seriousness of his crimes. Thus, a review of the record indicates that the trial court was cognizant of the sentencing considerations of La. C. Cr. P. art. 894.1.
Pursuant to La. R.S. 40:967(B)(4)(b), the sentencing range for both distribution of cocaine and possession of cocaine with intent to distribute is imprisonment at hard labor for not less than 2 years nor more than 30 years, 2 years of which to be served without benefit of parole, probation or suspension of sentence, and a discretionary fine of not more than $50,000. The concurrent sentences of 10 years fall within the lower to middle range of the possible sentencing spectrum for a single offense; thus, Defendant received a substantial reduction in sentencing exposure when the trial court imposed the sentences concurrently. In addition, Defendant received an even more substantial reduction in sentence exposure when the State agreed not to charge Defendant as a third habitual offender, in which case he would have faced a minimum sentence of 20 years and a maximum sentence of 60 years. La. R.S. 15:529.1(A)(1)(b)(i) & La. R.S. 40:967(B)(4)(b). The concurrent 10-year sentences in the case sub judice are not grossly disproportionate to the seriousness of the offenses committed, nor do they constitute needless infliction of pain and suffering because Defendant was given a substantial reduction in sentencing exposure through this plea agreement. The record clearly indicates that the trial court adequately considered the mitigating circumstances and that it articulated a sufficient factual basis for the sentences imposed. Thus, the trial court did not abuse its discretion, and the sentences are not constitutionally excessive.

ERROR PATENT REVIEW
Our error patent review reveals that the minutes do not accurately reflect the sentencing transcript in regard to the length of Defendant's sentences that are to be served without benefit of parole, probation or suspension of sentence. The transcript reflects that the trial court imposed Defendant's sentences in accordance with La. R.S. 40:967(B)(4)(b) when it noted that the first two years of the sentences were to be imposed without benefit of parole, probation or suspension of sentence. The minutes, incorrectly state that the entirety of each sentence is to be served without benefit of parole, probation or suspension of sentence. The trial court is ordered to direct the. Webster Parish Clerk of Court to amend the minutes so that they accurately reflect the sentencing transcript.
In addition, to clarify the time limitations period for filing an application for post-conviction relief, Defendant is advised by this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than *854 two years after the judgment of conviction and sentence have become final under the provisions of La. C. Cr. F. arts. 914 and 922. Article 930.8 contains supplicatory language which does not bestow an enforceable right on an individual defendant. State v. Hunter, 36,692 (La.App.2d Cir.12/20/02), 834 So.2d 6. Furthermore, this defect has no bearing on whether the sentence is excessive and, thus, is not grounds to reverse the sentence or to remand the case for re-sentencing. State v. Ferrell, 26,649 (La.App.2d Cir.12/7/94), 647 So.2d 427.
Defendant also alleges that the trial court erred by failing to give Defendant credit for time served as required by La. C. Cr. P. 880. The sentencing transcript, however, reflects that such credit was given when the trial court stated, "[y]ou'll be given credit for time served and the calculation of that time is up to the Department of Corrections."

CONCLUSION
For the foregoing reasons, the convictions and sentences of Defendant, Kendrick Harris, are affirmed.
AFFIRMED.