GASKINS, J.
 

 ¡¡The defendant, Krystal Shantelle Egan, was charged with one count of pos-' session of Schedule II controlled dangerous substance (CDS), i.e., cocaine, over 28 but less than 200 grams. Pursuant to a plea agreement, she pled guilty to one count of attempted possession of Schedule II CDS over 28 but less than 200 grams; there was no agreed sentence. The trial court sentenced the defendant to serve five years imprisonment at hard labor. She appeals. We affirm the defendant’s conviction and sentence.
 

 FACTS
 

 In the fall of 2007, agents of the Shreveport Police Department (SPD) were investigating the defendant and her boyfriend, Libert Roland, for suspected trafficking in illegal drugs. On October 18, 2007, the agents observed that the defendant and Roland used a rental car to drive to Dallas, Texas, and return on the same day. When the pair returned to Shreveport, an SPD officer following the car saw Roland, who was driving, commit a traffic violation; the officer activated his lights and siren to stop the rental car. Roland sped up, engaging the police in a high speed chase, but police eventually stopped the suspects.
 

 During the chase, Roland threw a bag out of the car. Police later recovered the bag from the side of the road; it contained a quantity of cocaine, as well as marijuana and MDMA (Ecstasy). Roland, who had a long criminal history including at least four felony convictions, admitted to routinely making trips with the defendant to buy cocaine in Dallas which they resold in Shreveport.
 

 12Subsequent investigation revealed that the defendant, who worked at a fast food restaurant, had rented cars in her name on September 29, 2007, October 5, 2007, and October 9, 2007, and put hundreds or thousands of miles on the cars, incurring over $1,000 in rental fees. However, the defendant denied to the police that she had knowledge of the cocaine in the vehicle.
 

 The state charged Roland and the defendant together with possession of Schedule II CDS over 28 grams but less than 200 grams. Roland was also charged with possession of marijuana, third offense. The defendant initially pled not guilty, but on
 
 *941
 
 May 7, 2008, she appeared in court with her attorney and, pursuant to a plea agreement, pled guilty to attempted possession of Schedule II CDS over 28 grams but less than 200 grams.
 

 At the guilty plea hearing, the trial court questioned the defendant about her understanding of the plea. She said that she was 23 years old, that she had a ninth-grade education, and that she could read, write, speak, and understand English. She affirmed that she understood that, by pleading guilty, she gave up her triad of rights under
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)—i.e., her right to a trial by judge or jury, her right to confront the witnesses against her, and the privilege against self-incrimination. She also affirmed that she understood that there was no guaranteed sentence and that her potential term of imprisonment could be as long as 15 years at hard labor. The trial judge accepted the defendant’s plea and ordered both sides to provide him with any information they wanted him to consider in imposing sentence.
 

 | sAt the defendant’s sentencing on December 17, 2008, the trial court indicated that it had reviewed the matter. Due to her weekly car rentals, the thousands of miles placed on the cars, and her employment at a fast food restaurant, the court expressed disbelief of the defendant’s claim that she did not know about the cocaine trafficking. The court sentenced the defendant to serve five years’ imprisonment at hard labor, with credit for time served, but did not impose any fine.
 

 On December 29, 2008, the defendant filed a motion to reconsider sentence. The motion asserted that the sentence was excessive and unconstitutional because the maximum penalty for attempted possession of Schedule II CDS under La. R.S. 40:967(C)
 
 [1]
 
 and La. R.S. 14:27 was two and one-half years and the court imposed a five-year sentence. On January 7, 2009, the court signed an order fixing the motion to reconsider for a hearing on May 12, 2009. Simultaneously, the defendant also filed a motion for an appeal bond and a motion for appeal. However, there are two copies of both of these motions in the record. On the first copy of each document, there is a handwritten notation from the trial court finding the motions to be premature; these were apparently made on or about January 7, 2009. On the second copy of the motion for an appeal bond, the court, on April 9, 2009, set that motion for a hearing on May 12, 2009. On the second copy of the motion for appeal, the court granted the defendant an appeal on April 9, 2009, with a return date of June 22, 2009. The minutes of court do not reflect any hearing or action on May 12, 2009, and there is |4no indication in the record that the trial court has ruled upon the defendant’s motion to reconsider sentence.
 

 The defendant now appeals, urging six assignments of error.
 

 INEFFECTIVE ASSISTANCE OF COUNSEL
 

 The defendant argues that her trial counsel was ineffective because he allowed her to plead guilty. In particular, the defendant urges that her attorney failed to explain and fully inform her of the trial process, possible defenses, consequences of entering a guilty plea or possible sentence exposure.
 

 
 *942
 
 The right
 
 of
 
 a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution.
 
 State v. Wry,
 
 591 So.2d 774 (La.App. 2d Cir.1991). A claim of ineffectiveness of counsel is analyzed under the two-prong test developed by the United States Supreme Court in
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires the defendant to show that counsel’s deficient performance prejudiced her defense.
 

 As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief (PCR) in the trial court than by appeal. This is because PCR creates the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930.
 
 State v. Ellis,
 
 42,520 (La.App.2d Cir.9/26/07), 966 So.2d 139,
 
 writ denied,
 
 2007-2190 (La.4/4/08), 978 So.2d 325. When the record is sufficient, this issue may be resolved on direct appeal in the interest of judicial economy.
 
 State v. Ellis, supra.
 

 IfiThe transcript of the defendant’s guilty plea shows that she affirmed to the trial court that she understood the terms of her guilty plea and desired to plead guilty. The plea colloquy is facially adequate, and in particular, the defendant indicated that she understood that there was no guaranteed sentence. We find that the record contains no evidence supporting the defendant’s claims of ineffective assistance.
 

 This assignment of error is without merit.
 

 FREE AND VOLUNTARY GUILTY PLEA
 

 The defendant argues that her plea was invalid because no one, including the trial court, explained the “circumstances surrounding entering a guilty plea.” She further argues that her plea is invalid because the trial court did not inquire whether she was satisfied with her counsel’s representation, whether she had discussed the consequences of her plea, or whether she understood the ramifications of entering a plea.
 

 The Louisiana Supreme Court adopted the federal constitutional standards set out in
 
 Boykin v. Alabama, supra,
 
 which requires that a guilty plea be recorded and show that the defendant was informed of and waived three specific federal constitutional rights. These rights are the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one’s accusers.
 
 State v. Guzman,
 
 1999-1528, 1999-1753 (La.5/16/00), 769 So.2d 1158, 1163, fn. 4;
 
 State v. Warren,
 
 42,699 (La.App.2d Cir.10/24/07), 968 So.2d 909,
 
 writ denied,
 
 2007-2485 (La.5/16/08), 980 So.2d 707.
 

 | ^Although inquiry as to the defendant’s satisfaction with counsel is sometimes made as part of the trial court’s determination of voluntariness, it is not a requirement for a valid guilty plea.
 
 State v. Douglas,
 
 39,036 (La.App.2d Cir.10/29/04), 888 So.2d 982,
 
 writ denied,
 
 2004-3146 (La.4/1/05), 897 So.2d 601.
 

 In the instant case, the transcript of the plea colloquy shows that the court determined that the defendant could read, write, speak and understand English prior to explaining the rights she was giving up by pleading guilty. The court then explained to the defendant that she was giving up the right to a trial by judge or jury, her privilege against self-incrimination, and her right to confront the witnesses against her. The defendant affirmed that she understood these rights and wished to waive them by pleading guilty. Nothing in this record supports the defendant’s claim that her plea was not knowingly and voluntarily entered.
 

 
 *943
 
 This assignment of error is without merit.
 

 MOTION TO RECONSIDER AND MOTION FOR APPEAL BOND
 

 The defendant argues that the trial court erred by not ruling on her motion to reconsider sentence or her motion for an appeal bond. Regarding the failure of the court to rule on a motion to reconsider sentence, this court held in
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297:
 

 According to La. C. Cr. P. art. 916(3), the trial court retains jurisdiction to “take other appropriate action pursuant to a properly made or filed motion to reconsider sentence” even after an order of appeal is entered. Further, La. C. Cr. P. art. 881.1(C) states that “the trial court may resentence the |7defendant despite the pendency of an appeal or the commencement of execution of that sentence.” In addition, no provision within the Code of Criminal Procedure prohibits an appellate court from reviewing a sentence for constitutional excessiveness in spite of the trial court’s failure to rule on a motion to reconsider sentence. Further, an appellate court may review a sentence for constitutional excessiveness even if the defendant fails to file a motion to reconsider sentence. Therefore, this court may review Defendant’s sentence for constitutional excessiveness in spite of the pending motion to reconsider sentence. Should the trial court later rule upon Defendant’s motion to reconsider sentence, Defendant may seek appellate review of that decision pursuant to La. C. Cr. P. art. 914(B)(2).
 

 Thus, the absence of a ruling on the motion to reconsider sentence does not affect this court’s ability to consider the constitutional excessiveness of a defendant’s sentence on appeal.
 

 Moreover, there is no indication in the record that the defendant attempted in the trial court to provoke a ruling from the lower court on the motion for an appeal bond. Further, there is no evidence that the defendant sought supervisory relief from any alleged failure of the trial court to rule upon the motion.
 

 In the absence of a showing that any relief is warranted, these assignments of error are without merit.
 

 EXCESSIVE SENTENCE
 

 In her final two assignments of error, the defendant urges that the trial court imposed an excessive sentence and failed to consider mitigating factors in her favor.
 

 In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The |sarticulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Harris,
 
 43,037 (La.App.2d Cir.1/30/08), 974 So.2d 849. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of
 
 *944
 
 rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.6/24/05), 904 So.2d 728.
 

 Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Hogan,
 
 480 So.2d 288 (La.1985);
 
 State v. Harris, supra.
 

 |9No requirement exists that specific matters be given any particular weight at sentencing.
 
 State v. Jones,
 
 33,-111 (La.App.2d Cir.3/1/00), 754 So.2d 392,
 
 writ denied,
 
 2000-1467 (La.2/2/01), 783 So.2d 385. The trial court shall exercise its sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender.
 
 State v. Rogers,
 
 405 So.2d 829 (La.1981). The trial court has broad discretion to sentence within the statutory limits, and the appellate court will not set aside a sentence as excessive absent a showing of manifest abuse of discretion.
 
 State v. Hardy,
 
 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710.
 

 Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Germany,
 
 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792;
 
 State v. Black,
 
 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430.
 

 The record reflects that the defendant was originally charged with possession of Schedule II CDS over 28 but less than 200 grams, a violation of La. R.S. 40:967(F)(l)(a). Pursuant to a plea bargain, she pled guilty to the attempted offense. The sentence range for the charged offense is from five years to 30 years imprisonment at hard labor and a fine of not less than $50,000 or more than $150,000. By pleading guilty to the attempted offense, the defendant cut her maximum sentence exposure in half.
 

 JjThe record also reflects that the defendant repeatedly rented cars in her name and put substantial mileage on them in a short time, incurring large rental fees despite her employment at a fast food restaurant. The facts strongly suggest that the defendant was knowingly and deliberately involved in the scheme to possess a large quantity of narcotics, a quantity that was wholly inconsistent with possession for personal use. The trial court correctly considered this to be the most significant factor in imposing the defendant’s sentence. Finally, the five-year sentence imposed is hardly shocking to the conscience; it is only one-third of the maximum exposure.
 

 These assignments of error lack merit.
 

 CONCLUSION
 

 The defendant conviction and sentence are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . However the attempt charge to which the defendant pled guilty involved La. R.S. 40:967(F)(l)(a), not La. R.S. 40:967(C).