GASKINS, J.
hThe defendant, Will Jiles, was convicted of DWI-3rd offense in violation of La. R.S. 14:98. He was subsequently sentenced to serve five years’ imprisonment at hard labor, without the benefit of probation, parole or suspension of sentence for the first year, and a $2,000 fine. The defendant now appeals. We affirm.
FACTS
At about 6:00 p.m., on December 27, 2010, the police in Delhi, Louisiana, received a report from a homeowner that the defendant was causing a disturbance in his yard. Officer Roy Williams responded to the call. As he arrived at the scene, he saw the defendant driving a Cadillac Esca-lade in an erratic manner. Officer Williams had known the defendant for 20 years and recognized him and his vehicle. The defendant almost struck the officer’s car and caused it to swerve into a ditch to avoid a collision. Officer Williams turned his car around and pursued the defendant. He observed the defendant driving at a high rate of speed, swerving from side to side on the road and running a stop sign. The defendant finally stopped his vehicle when he pulled into his mother’s yard and plowed into some hedges.
The defendant refused to exit his locked vehicle when ordered to do by Officer Williams. Officer Padro Sanchez arrived to assist Officer Williams. The defendant unlocked the door and the officers were able to remove him from the vehicle. The officers detected a strong odor of alcohol emanating from the defendant’s person, including his pores and breath. The defendant had an open can of beer between his legs; beer was also on his ^clothing. *30 His eyes were red and puffy; he was apparently having difficulty focusing. He was unable to stand on his own without swaying. Except for obscenities directed at the officers, his speech was extremely slurred. He refused to submit to field sobriety tests or an Intoxilyzer test.
The defendant was charged with DWI-3rd offense. A jury trial was held in September 2011. At the beginning of trial, the defendant stipulated that he was convicted of two prior DWIs in 2010. The defendant was convicted as charged.
In October 2011, the trial court imposed the maximum sentence on the defendant— five years at hard labor, the first year to be served without probation, parole or suspension of sentence, and a $2,000 fine. A timely motion to reconsider was denied.
The defendant appealed, asserting two assignments of error.
SUFFICIENCY OF EVIDENCE

Law

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, 2001-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Garter, 42,894 (La.App.2d Cir.1/9/08), 974 So.2d 181, writ denied, 2008-0499 (La.11/14/08), 996 So.2d 1086. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 2005-0477 (La.2/22/06), 922 So.2d 517; State v. Dotie, 43,819 (La. App.2d Cir.1/14/09), 1 So.3d 833, writ denied, 2009-0310 (La.11/6/09), 21 So.3d 297.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Speed, 43,786 (La. App.2d Cir.1/14/09), 2 So.3d 582, writ denied, 2009-0372 (La.11/6/09), 21 So.3d 299.
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.2/25/09), 3 So.3d 685, writ denied, 2009-0725 (La.12/11/09), 23 So.3d 913; State v. Hill, 42,025 (La.App.2d Cir.5/9/07), 956 So.2d 758, writ denied, 2007-1209 (La.12/14/07), 970 So.2d 529.
In the' absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is Lsufficient support for a requisite factual conclusion. State v. Gullette, 43,032 (La.App.2d Cir.2/13/08), 975 So.2d 753; State v. Burd, 40,480 (La.App.2d Cir.1/27/06), 921 So.2d 219, writ denied, 2006-1083 (La.11/9/06), 941 So.2d 35.
To convict the defendant of DWI, the prosecution need only prove that he was operating a vehicle and that he was *31 under the influence of alcohol or drugs. La. R.S. 14:98; State v. Taylor, 38,574 (La.App.2d Cir.8/18/04), 880 So.2d 197. To convict a defendant of driving while intoxicated, third offense, the state must also prove that the defendant has had two prior valid convictions, as defined in La. R.S. 14:98(F)(1), and that these convictions are not stale under La. R.S. 14:98(F)(2). State v. Pickard, 40,422 (La.App.2d Cir.12/14/05), 918 So.2d 485.
Some behavioral manifestations, independent of any scientific test, are sufficient to support a charge of driving while intoxicated. State v. McDonald, 33,013 (La.App.2d Cir.3/1/00), 754 So.2d 382. It is not necessary that a conviction of DWI be based upon a blood or breath alcohol test, and the observations of an arresting officer may be sufficient to establish a defendant’s guilt. Intoxication is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330 (La.1983); State v. Blackburn, 37,918 (La. App.2d Cir.1/28/04), 865 So.2d 912.

Discussion

The defendant argues that the state did not prove that he was intoxicated while he was operating his vehicle. He asserts that while he was driving at a high rate of speed, he never left the roadway. Also, he | r,maintains that he was not engaged in “arbitrary flight” from the police; he drove to his mother’s house, where he ran his vehicle into the hedges. He contends that he stumbled after he was removed from his vehicle because he was walking on uneven ground and he did not have his cane. Finally, the defendant argues that while certain factors were “potentially incriminating” — his flight from the police, his erratic driving, the smell of alcohol on his person and in his vehicle, the open beer can between his legs, his falling and swaying after being removed from the vehicle, his use of profanity and threats to the officers, his red and puffy eyes, his inability to focus — they do not necessarily point solely to intoxication.
Viewing the evidence in a light most favorable to the prosecution, the evidence adduced at trial was sufficient to convict the defendant of DWI-3rd offense. First, the defendant stipulated to his two prior DWI convictions. Second, Officer Williams observed the defendant erratically driving his vehicle; in fact, he almost struck the officer’s car and forced him into a ditch. Because Officer Williams had known the defendant for approximately 20 years, he was easily able to identify him and his vehicle. Furthermore, the testimony of the officers detailing their observations of the defendant’s demeanor was sufficient to prove he was intoxicated. No evidence was introduced to indicate that the defendant’s behavior was the result of an injury, physical infirmity or his mental state. There was no evidence produced at trial that he suffered from a physical disability and that he had a medical need for a cane. The officers testified that when asked pursuant to one of the forms filled out after his arrest, the defendant made |fino complaint of injury or gave any indication that he required medical attention. While both officers testified that they had occasionally seen the defendant with a cane, Officer Williams also stated that he did not observe a cane in the defendant’s vehicle on the night of the instant offense.
This assignment of error lacks merit.
EXCESSIVE SENTENCE

Law

The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. *32 C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 438 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Landos, 419 So.2d 475 (La.1982); State v. Egan, 44,879 (La.App.2d Cir.12/9/09), 26 So.3d 938.
The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, unit denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Jones, 45,429 (La.App.2d Cir.8/11/10), 46 So.3d 756. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166.
The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 2002-0333 (La.4/9/03), 842 So.2d 330. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996); State v. Fatheree, 46,686 (La.App.2d Cir.11/2/11), 77 So.3d 1047.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 2007-2031 (La.2/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802; State v. Woods, 41,420 (La.App.2d Cir.11/1/06), 942 So.2d 658, writs denied, 2006-2768, 2006-2781 (La.6/22/07), 959 So.2d 494.
The penalty for DWI-3rd offense is imprisonment, with or without hard labor, for one to five years and a fine of $2,000. One year of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. La. R.S. 14:98(D)(l)(a).

Discussion

The defendant contends that the sentence imposed by the trial court was excessive. However, our review of the record reveals no abuse of discretion with the trial court’s imposition of the maximum allowable penalty upon this defendant. Prior to sentencing, the trial court adequately reviewed the PSI report and the guidelines set forth in La. C. Cr. P. art. 894.1. Specifically, the court noted the defendant’s “unbelievable” criminal history, which included a total of five DWI *33 convictions, with the instant conviction being his second felony. The defendant also had numerous misdemeanor convictions, as well as some pending misdemeanor charges. The record indicated that he was arrested on the instant charge while on probation for simple criminal damage to property, his other felony conviction. The court further observed that the defendant had displayed a disregard for the law and others by continuing to drive while intoxicated.
Driving while intoxicated presents a substantial risk of death or great bodily harm to the public. Therefore, considering the defendant’s propensity to commit crimes, in particular driving while intoxicated, the [¡¿rial court’s imposition of the maximum sentence is neither grossly disproportionate nor shocking to the sense of justice.
This assignment of error is meritless.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.