GARRETT, J.
*1275 The defendant, Ismael Valadez, was convicted of operating a vehicle while intoxicated ("DWI"), fourth offense. He was sentenced to serve 15 years at hard labor and to pay a fine of $5,000. Valadez appeals his sentence of incarceration as unconstitutionally excessive. For the following reasons, we affirm the conviction and sentence.
FACTS
In the early morning hours of December 25, 2016, Shreveport Police Detective De'Andre Belle was working off-duty, guarding the Walmart store near Pines Road in Shreveport, which was closed for Christmas. At approximately 12:30 a.m., he saw a pickup truck speed through the parking lot, hit a stop sign, and run into a ditch. Detective Belle made contact with Valadez, who was driving the vehicle. Valadez was alone in the truck and was woozy when he got out of it. As he exited the vehicle, beer cans fell off the driver's seat. Valadez had red eyes, his speech was slurred, and he was unsteady on his feet. Detective Belle called for a DWI unit.
Corporal Nathaniel James of the Shreveport Police Department responded to the call. He immediately noticed the strong smell of alcohol on Valadez's breath. He observed that Valadez had red, glassy eyes, slurred speech, and swayed when he stood up. He initially gave law enforcement officers an incorrect name. Valadez was informed of his rights and was administered field sobriety tests, which he performed poorly. Officer James determined that Valadez was moderately impaired. A tow truck had to be called to the scene to pull Valadez's truck out of the ditch.
Valadez was placed under arrest for DWI and transported to the police station. He agreed to give a sample for the Intoxilyzer breath test, which was collected at 2:11 a.m. Valadez's blood alcohol content ("BAC") was 0.118 percent.[1] According to Officer James, this was a moderate level of intoxication.
In January 2017, Valadez was charged by bill of information with DWI, fourth offense. He was tried by a six-person jury on October 25, 2017.[2] Both Detective Belle and Officer James testified at the trial. Officer James identified videos of Valadez at the scene and being administered the field sobriety tests. Officer James said that Valadez performed poorly on the horizontal gaze nystagmus test. He did not remember how Valadez performed on the one-leg stand test. The video shows that Valadez was unsteady and did not perform well on that test. Videos were also identified of Valadez at the police station, where the walk-and-turn field sobriety test was administered, along with the Intoxilyzer breath test. Valadez also admitted that he had been drinking before driving his vehicle at the time of this offense. These videos were played for the jury.
Shreveport Police Sergeant Danny Duddy fingerprinted Valadez on the day of trial and testified that the fingerprints showed that Valadez was the same person *1276 previously convicted of DWI, first offense, on March 11, 2008, in Bossier Parish; DWI, first offense, on June 1, 2010, in Shreveport City Court; and DWI, third offense, on January 27, 2014, in Caddo Parish.[3] On October 25, 2017, the jury found Valadez guilty as charged of DWI, fourth offense.
Valadez filed a motion for post verdict judgment of acquittal, claiming there was insufficient evidence to support his conviction. The motion was denied by the trial court. Sentence was imposed on November 13, 2017.
No presentence investigation was ordered by the trial court.[4] The trial court noted that the penalty for DWI, fourth offense, is a fine of $5,000 and imprisonment, with or without hard labor, for no less than 10 years and no more than 30 years. Two years of the sentence are to be served without benefit of parole, probation, or suspension of sentence.[5] The court set forth on the record the factors under La. C. Cr. P. art. 894.1 which it considered in imposing sentence in this matter. The court found that a sentence of imprisonment was required because there was an undue risk that, during a period of a suspended sentence or probation, Valadez would commit another crime, he was in need of correctional treatment or a custodial environment that could be provided most effectively by commitment to an institution, and a lesser sentence would deprecate the seriousness of the offense.
The court also considered aggravating and mitigating factors. The only aggravating factor it found applicable was that, by driving intoxicated, Valadez knowingly created a risk of death or great bodily harm to more than one person. As mitigating factors, the court noted that Valadez's conduct did not actually cause serious harm, and he had completed substance abuse programs while incarcerated pending trial.
The court sentenced Valadez to serve 15 years at hard labor with credit for time served, and to pay a fine of $5,000. He was also ordered to pay $50 to the Indigent Defender's Office. The court recommended that Valadez participate in all alcohol abuse treatment programs available to him through the Department of Corrections.
On December 11, 2017, Valadez's attorney filed a motion to reconsider and vacate an unconstitutionally excessive sentence, *1277 arguing that the trial court gave inadequate and improper aggravating factors to support the severity of the sentence imposed and failed to consider all mitigating circumstances. The trial court denied the motion in a judgment rendered on January 25, 2018.[6] Valadez appealed.
EXCESSIVE SENTENCE
On appeal, Valadez argues that the 15-year hard labor sentence imposed in this case is unconstitutionally excessive. This argument is without merit.
Legal Principles
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith , 433 So.2d 688 (La.1983) ; State v. Meadows , 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos , 419 So.2d 475 (La. 1982) ; State v. Egan , 44,879 (La. App. 2 Cir. 12/9/09), 26 So.3d 938. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker , 41,547 (La. App. 2 Cir. 12/13/06), 945 So.2d 277, writ denied , 2007-0144 (La. 9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Jones , 45,429 (La. App. 2 Cir. 8/11/10), 46 So.3d 756. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver , 2001-0467 (La. 1/15/02), 805 So.2d 166 ; State v. DeBerry , 50,501 (La. App. 2 Cir. 4/13/16), 194 So.3d 657, writ denied , 2016-0959 (La. 5/1/17), 219 So.3d 332.
The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams , 2003-3514 (La. 12/13/04), 893 So.2d 7 ; State v. Jiles , 47,366 (La. App. 2 Cir. 8/8/12), 104 So.3d 27. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Jackson , 48,534 (La. App. 2 Cir. 1/15/14), 130 So.3d 993.
A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook , 95-2784 (La. 5/31/96), 674 So.2d 957, cert. denied , 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed. 2d 539 (1996) ;
*1278 State v. Fatheree , 46,686 (La. App. 2 Cir. 11/2/11), 77 So.3d 1047 ; State v. Jiles , supra .
Discussion
The record shows that the trial court adequately considered the sentencing criteria set forth in La. C. Cr. P. art. 894.1 in imposing sentence upon Valadez. Although the trial court did not outline at sentencing Valadez's prior offenses, the record before the court clearly showed that he had a lengthy criminal history largely involving DWI and appearing in public in an intoxicated condition. Among the exhibits introduced during the trial were the bills of information and court minutes from the predicate offenses. These documents reflect that Valadez was born on November 13, 1966. Valadez had been afforded leniency in his three prior convictions for DWI. In two of his prior convictions, he was allowed to plead guilty to having a lower blood alcohol level than the amount shown in the breath test. This reduced Valadez's sentencing exposure. In one case, he was originally charged with DWI, second offense, and was allowed to plead guilty to DWI, first offense. Defendants convicted of DWI are routinely ordered to attend substance abuse programs. If Valadez attended the court-ordered substance abuse programs in connection with his prior DWI convictions, he obviously failed to respond favorably, because he continued to reoffend. The trial court did not err in finding that a sentence of incarceration was required in this case, that there was an undue risk that Valadez would commit another offense if given a suspended sentence or probation, that he was in need of commitment to an institution, and that a lesser sentence would deprecate the seriousness of the offense.
Valadez argues that, as an aggravating factor, the trial court should not have considered that his behavior in driving while intoxicated posed a risk of death or great bodily harm to more than one person, because this factor is found in every instance of DWI. The trial court did not err in considering this as an aggravating factor. This court has observed that DWI presents a substantial risk of death or great bodily harm to the public. See State v. Jiles , supra .
Valadez contends that his criminal history demonstrates that he has a substance abuse problem and that the trial court should have applied the alternatives for sentencing in La. C. Cr. P. art. 893 to this case. He claims that this issue was raised in one of the motions to reconsider sentence. The pertinent part of La. C. Cr. P. art. 893, which he argues should have been considered here, was added by Acts 2017, No. 280, § 1, effective November 1, 2017, and provides as follows:
B. (1) Notwithstanding any other provision of law to the contrary, when it appears that the best interest of the public and of the defendant will be served, the court, after a fourth conviction of operating a vehicle while intoxicated pursuant to R.S. 14:98, may suspend, in whole or in part, the imposition or execution of the sentence when the defendant was not offered such alternatives prior to his fourth conviction of operating a vehicle while intoxicated and the following conditions exist:
(a) The district attorney consents to the suspension of the sentence.
(b) The court orders the defendant to do any of the following:
(i) Enter and complete a program provided by the drug division of the district court pursuant to R.S. 13:5301 et seq.
(ii) Enter and complete an established driving while intoxicated court or sobriety court program.
(iii) Reside for a minimum period of one year in a facility which conforms to *1279 the Judicial Agency Referral Residential Facility Regulatory Act, R.S. 40:2851 et seq.
(iv) Enter and complete the Swift and Certain Probation Pilot Program established pursuant to R.S. 13:5371 et seq.
(2) When suspension is allowed under this Paragraph, the defendant shall be placed on probation under the supervision of the division of probation and parole. The period of probation shall be specified and shall not be more than three years, except as provided in Paragraph G of this Article. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal.
Valadez committed the present offense on December 25, 2016, and he was convicted on October 25, 2017. Both of these dates were prior to the effective date of the amendment. Our courts have consistently held that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. A defendant must be sentenced according to sentencing provisions in effect at the time of the commission of the offense. State v. Sugasti , 2001-3407 (La. 6/21/02), 820 So.2d 518.
The Louisiana Supreme Court found an exception to this rule in State v. Mayeux , 2001-3195 (La. 6/21/02), 820 So.2d 526. The court construed amendments to La. R.S. 14:98 and determined that three specific provisions within the new legislation pointed to an interpretation consistent with applying the new provisions to a defendant who was not convicted of a fourth DWI charge until after the effective date of the statute. In this case, the exception does not apply because the amendment to La. C. Cr. P. 893 does not contain similar language. Further, even if it did, Valadez was convicted before the amendment to La. C. Cr. P. art. 893 became effective. Therefore, the amendment to La. C. Cr. P. art. 893 is not applicable to this case.
We note that, prior to the amendment to La. C. Cr. P. art. 893 cited by Valadez, at the time of the commission of and conviction for this offense, the statute contained a similar provision which provided, in pertinent part:
B. (1)(a) The court may suspend, in whole or in part, the imposition or execution of the sentence when the following conditions exist:
....
(cc) A third conviction of operating a vehicle while intoxicated in violation of R.S. 14:98.
(ii) It appears that suspending the sentence is in the best interest of the public and the defendant.
(iii) The district attorney consents to the suspension of the sentence.
(iv) The court orders the defendant to do any of the following:
(aa) Enter and complete a program provided by the drug division of the district court pursuant to R.S. 13:5301 et seq. When a case is assigned to the drug division probation program pursuant to the provisions of R.S. 13:5301 et seq., with the consent of the district attorney, the court may place the defendant on probation for a period of not more than eight years if the court determines that successful completion of the program may require that period of probation to exceed the five-year limit. If necessary to assure successful completion of the drug division probation program, the court may extend the duration of the probation period. The period of probation as initially fixed or as extended shall not exceed eight years.
(bb) Enter and complete an established driving while intoxicated court or *1280 sobriety court program, as agreed upon by the trial court and the district attorney. When a case is assigned to an established driving while intoxicated court or sobriety court program, with the consent of the district attorney, the court may place the defendant on probation for a period of not more than eight years if the court determines that successful completion of the program may require that period of probation to exceed the five-year limit. If necessary to assure successful completion of the drug division probation program, the court may extend the duration of the probation period. The period of probation as initially fixed or as extended shall not exceed eight years.
(cc) Reside for a minimum period of one year in a facility which conforms to the Judicial Agency Referral Residential Facility Regulatory Act, R.S. 40:2852.
(dd) Enter and complete the Swift and Certain Probation Pilot Program established pursuant to R.S. 13:5371 et seq. When a case is assigned to this pilot program, with the consent of the district attorney, the court may place the defendant on probation for a period of not less than one year and not more than eight years if the court determines that successful completion of the program may require that period of probation to exceed the five-year limit. If necessary to ensure successful completion of the program, the court may extend the duration of the probation period. The period of probation as initially fixed or as extended shall not exceed eight years.
(b) When suspension is allowed under this Paragraph, the defendant shall be placed on probation under the supervision of the division of probation and parole. The period of probation shall be specified and shall not be less than two years nor more than five years, except as provided in Subitems (a)(iv)(aa), (bb), and (dd) of this Subparagraph. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal.
(2) Notwithstanding any other provisions of law to the contrary, the sentencing alternatives available in Subparagraph (1) of this Paragraph, shall be made available to offenders convicted of a fourth offense violation of operating a vehicle while intoxicated pursuant to R.S. 14:98, only if the offender had not been offered such alternatives prior to his fourth conviction of operating a vehicle while intoxicated.
The language of the statute provides that the trial court may suspend a sentence for DWI, third or fourth offense, under certain circumstances. It is not required to do so. In this case, the trial court specifically rejected the imposition of a suspended sentence, finding that a sentence of incarceration was required, citing the factors set forth above which were considered in making that decision. Valadez argues that he is in need of treatment for his substance abuse problem. The trial court ordered that he receive all such treatment available. We do not find that the trial court erred in failing to suspend the sentence imposed here.
Based upon this record, the sentence imposed is not excessive. Valadez was exposed to a minimum of ten years and a maximum of 30 years of imprisonment at hard labor. His sentence of 15 years at hard labor was middle range. Valadez had an extensive criminal history involving driving while intoxicated and appearing in public in an intoxicated condition. He had not responded positively to leniency afforded to him in the past. The sentence was not grossly disproportionate to the seriousness of the offense and the sentence does not shock the sense of justice. Also, *1281 contrary to Valdez's argument, the sentence was tailored to the offender and the offense. We find that the trial court acted within its discretion in the sentence imposed.
ERROR PATENT
We note as error patent on the face of the record that the trial court erred in failing to specify that two years of Valadez's 15-year sentence be served without parole, probation, or suspension of sentence, as required by La. R.S. 14:98.4. The trial court's failure to state that the sentence is to be served without benefits will be corrected automatically by operation of La. R.S. 15:301.1. See State v. Williams , 2000-1725 (La. 11/28/01), 800 So.2d 790 ; State v. Smith , 50,342 (La. App. 2 Cir. 1/13/16), 184 So.3d 241. Consequently, we order that two years of Valadez's sentence be served without benefit of parole, probation, or suspension of sentence. The trial court minutes should be amended to reflect this adjustment of Valadez's sentence.
CONCLUSION
For the reasons set forth above, we affirm the conviction and sentence of the defendant, Ismael Valadez, to serve 15 years at hard labor, with two years to be served without benefit of parole, probation, or suspension of sentence, for the offense of DWI, fourth offense.
CONVICTION AND SENTENCE AFFIRMED, WITH INSTRUCTIONS FOR CORRECTION OF MINUTES.

La. R.S. 14:98 sets the BAC for DWI at 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood.

Valadez was sentenced pursuant to La. R.S. 14:98.4(A)(1), which does not require confinement at hard labor. Therefore, he was entitled to a six-person jury. See La. C. Cr. P. art. 782.

The bill of information connected to Valadez's DWI, third offense, shows that he also pled guilty in November 2009, to DWI, first offense, in Shreveport City Court.

La. C. Cr. P. art. 875 provides, in pertinent part, that if a defendant is convicted of a felony offense, the court may order the Department of Public Safety, division of probation and parole, to make a presentence investigation. See also La. R.S. 15:1132. However, such an investigation is not mandatory. State v. Hall, 42,767 (La. App. 2d Cir. 11/21/07), 969 So.2d 827. Such an investigation is more in the nature of an aid to the court, and not a right of the accused. State v. Houston , 50,126 (La. App. 2 Cir. 11/18/15), 181 So.3d 188 ; State v. Jackson , 48,534 (La. App. 2 Cir. 1/15/14), 130 So.3d 993.

At the time this offense was committed, La. R.S. 14:98.4 provided, in pertinent part:
A. (1) Except as modified by Subparagraphs (a) and (b) of this Paragraph, or as provided by Subsections B and C of this Section, on a conviction of a fourth or subsequent offense violation of R.S. 14:98, regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be fined five thousand dollars and imprisoned, with or without hard labor, for not less than ten years nor more than thirty years. Two years of the sentence of imprisonment shall be imposed without benefit of parole, probation, or suspension of sentence. Except in compliance with R.S. 14:98.5(B)(1), the mandatory minimum sentence cannot be served on home incarceration.

On January 18, 2018, Valadez filed a pro se motion for reconsideration of sentence, arguing that the trial court should have considered a recent amendment to La. C. Cr. P. art. 893, which would have allowed for the imposition of a suspended sentence and provided for substance abuse treatment. It does not appear that the trial court considered the pro se motion because the record does not contain a ruling on it. However, the failure of the trial court to rule on a motion to reconsider sentence does not preclude the appellate court from reviewing a sentence for excessiveness. See State v. Farris , 51,094 (La. App. 2 Cir. 12/14/16), 210 So.3d 877, writ denied , 2017-0070 (La. 10/9/17), 227 So.3d 828 ; State v. Jackson , 46,963 (La. App. 2 Cir. 2/29/12), 87 So.3d 174.