Judgment rendered January 11, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,875-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

EMILIO TAYLOR                               Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 358381

Honorable Christopher T. Victory, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Peggy J. Sullivan

JAMES E. STEWART, SR.                 Counsel for Appellee
District Attorney

BRITTANY B. ARVIE
REBECCA A. EDWARDS
Assistant District Attorney

* * * * *

Before STONE, ROBINSON and MARCOTTE, JJ.

**STONE, J.**

This criminal appeal comes from the First Judicial District Court, the Honorable Judge Chris Victory, presiding.[1] The defendant, Emilio Taylor ("the defendant"), was convicted by a unanimous jury of armed robbery, in violation of La. R.S. 14:64, and with the additional enhancement penalty for use of a firearm in the commission of the crime, in violation of La. R.S. 14:64.3. He was adjudicated a second felony offender, and the trial court ordered the sentences to run consecutive to each other, resulting in a total sentence of 40 years. This Court affirmed the defendant's convictions, vacated the multiple offender adjudication, and remanded to the trial court for resentencing. On remand, the State withdrew the multiple offender bill, and the trial court imposed the same 40-year consecutive sentences. The defendant now appeals his sentence, arguing that the trial court imposed an unconstitutionally harsh and excessive sentence; and the trial court erred in denying his motion to reconsider sentence. For the following reasons, we affirm the defendant's sentences.

### FACTS AND PROCEDURAL HISTORY

The background in this matter was set forth in detail in this Court's earlier opinion in *State v. Taylor*, 53,934 (La. App. 2 Cir. 5/5/21), 321 So. 3d 486 ("*Taylor I*"):

> On May 24, 2018, as Family Dollar employees, Destini Hall ("Hall") and Clark Remedies ("Remedies") were closing the store, a man wearing sunglasses, a hat, and a bandana over his face, entered the store. After Remedies exited the restroom near the rear of the store, the man held Remedies at gun point and forced him back toward the front of the store, where he demanded that Hall empty the contents of the register into a

---

[1] Although Judge Victory conducted the re-sentencing hearing, Judge Tutt presided over the trial, the habitual offender adjudication, and imposed the original sentence.

pink bag.  Next, the man ordered Remedies to open the safe, and after Remedies refused, he struck Remedies on the head with the gun.  Once the safe was opened and its contents placed into the pink bag, the man forced Hall and Remedies to the back of the store, where he then exited through a back door.

Remedies identified the man who robbed the store as the defendant to responding officers.  On May 31, 2018, an arrest and search warrant were executed at the defendant's home.  Officers arrested the defendant, and during the search of his home, recovered approximately $1,595 dollars in cash and a nine-millimeter handgun.  On January 23, 2019, by amended bill of information, the defendant was charged with one count of armed robbery with the additional penalty of use of a firearm.  On February 11, 2020, a jury trial commenced.  In addition to video surveillance of the robbery captured by store security cameras, the following testimony was provided at trial.

First, Hall testified that on the day of the incident, she worked the closing shift at the Family Dollar on Lakeshore Drive when the store was robbed.  Hall stated that a few minutes after she started counting the money in her register, she heard talking and then saw a man walking toward the front of the store holding a gun to Remedies' head.  The man approached Hall, told her he didn't want to hurt anyone, gave her a pink bag, and ordered her to put the money from the register into the bag.  Hall then testified that the man ordered Remedies to open the safe.  After Remedies stated that he couldn't, the man repeatedly hit Remedies on the head with the gun until Remedies eventually opened the safe, and Hall was then told to place the money from the safe into the pink bag.

Next, Remedies testified that after he emerged from the restroom in the back of the store, he was confronted by a man in shades, a hat, and a bandana over his face.  He stated that the man forced him to the front of the store and hit him over the head with a gun after he initially refused to open the store safe upon demand.  Remedies further testified that two days prior to the robbery, the defendant texted him, wondering if he was at work.  Remedies testified that the defendant called and asked if he would help rob the store, to which he declined and asked the defendant not to rob the store.  After the call, Remedies stated that he reported this information to the store's district manager.

Corporal Robert Cerami ("Cpl. Cerami") of the Shreveport Police Department ("SPD") testified that in May 2018, he assisted in the execution of the search warrant for the defendant's residence.  As a result of the search, he testified that cash and a handgun located within a dresser were recovered.  On cross-examination, Cpl. Cerami testified that although the handgun and cash were recovered from the search

of the home, no pink bag, hat, or bandana was ever discovered. Following Cpl. Cerami's testimony, Detective Richard Turpen ("Det. Turpen") of the SPD, who also participated in the arrest and search of the defendant's home, testified that the defendant was found hiding in the attic of his home, and after the defendant's oral and written consent was obtained, a handgun and cash were recovered.[2] Det. Turpen also reviewed the surveillance footage and testified that during the robbery, the perpetrator's hat fell off and revealed that the man's hair was styled into what was described as "puffs" or "pom-poms."

At the conclusion of the trial, the jury returned a unanimous guilty verdict and the defendant was convicted as charged. The trial court denied the defendant's motion for a new trial and post-verdict judgment of acquittal. On March 11, 2020, the State of Louisiana ("the State") tendered a sentencing offer of 25 years at hard labor without benefits for the armed robbery charge, with a consecutive 35-year sentence for the enhanced firearm penalty. In exchange, the State offered to dismiss a pending charge for attempted murder and would forgo filing a habitual offender bill. On June 25, 2020, the defendant rejected the State's offer, the State filed a second felony habitual offender bill, and the habitual offender hearing commenced that day. At the conclusion of the hearing, the trial court sentenced the defendant to 35 years at hard labor, without benefits, with a five-year sentence for the enhanced firearm penalty.

Because the State filed the supplemental discovery on the day before the resentencing hearing, and it is not clear from the record whether the defendant received it in advance of resentencing, the case was remanded to the trial court. Furthermore, the trial court incorrectly applied the law to the habitual offender bill and failed to advise the defendant of his right to a 15-day delay period within which to file objections. On remand, the State withdrew the multiple offender bill and the trial court imposed the same consecutive sentences. The defendant was resentenced to 35 years at hard labor without the possibility of probation, parole or suspension of sentence

---

[2] Det. Turpen identified the handgun as a Browning nine-millimeter handgun semiautomatic, with a black tarnished colored barrel trigger, with a wooden handle or grips. The amount of cash recovered from the home was approximately $1,595, and the identified amount taken from the store during the robbery was a little more than $3,000.

for the armed robbery and five years at hard labor without the possibility of probation, parole or suspension of sentence for use of a firearm during the commission of the crime. The sentences were ordered to run consecutive to each other, resulting in a total sentence of 40 years.

On December 23, 2021, the defendant filed a motion to reconsider and on January 3, 2022, the motion was denied by the trial without a hearing. The defendant appeals his sentence, urging the following assignments of error: (1) the trial court imposed an unconstitutionally harsh and excessive sentence; and (2) the trial court erred in denying his motion to reconsider sentence. [3]

## DISCUSSION

**Excessive sentence**

The defendant argues that the sentence of 40 years is an unconstitutionally harsh and excessive sentence because the trial court failed to order a presentence investigation or consider mitigating factors such as his personal history including his age, or his impending fatherhood. He further asserts that the sentence should have been tailored to him. The defendant admits, however, that the trial court compiled with La. C.Cr.P. art. 894.1 and acknowledged that the sentence is not the maximum sentence available, but asserts that it is inappropriate to consider the use of a firearm as an aggravating factor under the circumstances. In opposite, the State urges that the lower range sentence of 40 years is appropriate because the defendant has a vast criminal history.

---

[3] We pretermit consideration of this assignment of error because the defendant did not support this assertion with any argument in his appellate brief. Thus, this issue will not be addressed.

4

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. West*, 53,526 (La. App. 2 Cir. 6/24/20), 297 So. 3d 1081; *State v. Sandifer*, 53,276 (La. App. 2 Cir. 1/15/20), 289 So. 3d 212; *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332. The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C.Cr.P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. Lee*, 53,461 (La. App. 2 Cir. 4/22/20), 293 So. 3d 1270, *writ denied*, 20-00582 (La. 10/14/20), 302 So. 3d 1113; *State v. Payne*, 52,310 (La. App. 2 Cir. 1/16/19), 262 So. 3d 498; *State v. DeBerry*, *supra.* The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996); *State v. West*, *supra*; *State v. Valadez*, 52,162 (La. App. 2 Cir. 8/15/18), 251 So. 3d 1273; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the

offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, *supra*. The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v. Parfait*, 52,857 (La. App. 2 Cir. 8/14/19), 278 So. 3d 455, *writ denied*, 19-01659 (La. 12/10/19), 285 So. 3d 489.

Second, an appellate court must determine if the sentence is constitutionally excessive. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980); *State v. Smith*, *supra*. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, *supra*. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. West*, *supra; State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208.

The sentencing court has wide discretion to impose a sentence within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Allen*, *supra*. The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Cook*, *supra; State v. West*, *supra; State v. Valadez*, *supra*. On

6

review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Tubbs*, 52,417 (La. App. 2 Cir. 11/20/19), 285 So. 3d 536, *writ denied*, 20-00307 (La. 7/31/20), 300 So. 3d 404, *on recons.,* 20-00307 (La. 9/8/20), 301 So. 3d 30, and *writ denied,* 20-00307 (La. 9/8/20), 301 So. 3d 30.

A presentence investigation report (or "PSI") is an aid to help the court, not a right of the defendant, and the court is not required to order that the report be prepared. *State v. Bell*, 377 So. 2d 275 (La. 1979); La. C.Cr.P. art. 875; *State v. Weston*, 52,312 (La. App. 2 Cir. 11/14/18), 260 So. 3d 722, *writ denied,* 18-2066 (La. 4/22/19), 268 So. 3d 299.

At the time of the commission of the alleged armed robbery, La. R.S. 14:64 stated:

> A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon
>
> B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.

At the time of the commission of the alleged armed robbery with the use of a firearm; additional penalty, La. R.S. 14.64.3 stated:

> A. When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.

At the sentencing hearing, the trial court adequately compiled with La.C.Cr.P. art. 894.1.  The trial court determined that (1) there is an undue

risk that during the period of a suspended sentence or probation that the defendant will commit another crime; (2) the defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; (3) a lesser sentence would deprecate the seriousness of the defendant's crime; (4) the defendant used his position as a former employee to facilitate the commission of the offense; (5) he knowingly created a risk of death or great bodily harm to more than one person with the use of a firearm; (6) the defendant used actual violence in the commission of the offense when he severely beat Mr. Remedies, the employee working at the Family Dollar on the day of the incident; (7) he used a firearm in the commission of the armed robbery; (8) there was an economic loss to Family Dollar as well as the employees, Ms. Hall and Mr. Remedies, because they found it necessary to leave their job; and (9) Mr. Remedies suffered permanent injuries. We note that presentence investigation report is not mandatory. Neither the defendant nor his retained counsel requested a presentence investigation prior to the date of the first sentencing, on remand, and the defendant did not object to the lack of a presentence investigation at the time of the hearing. Although, the trial court did not expressly reference the defendant's personal history at the time of sentencing, we note that the court was made aware of his age. Despite the fact that the trial court was not aided by a presentence investigation report, the record is sufficient to establish that the State dismissed an attempted second-degree murder charge and drug charge, both separate incidents from the current convictions on the defendant's behalf. As to the first prong of the excessiveness test, this court finds that (1) the trial court adequately complied with La. C.Cr.P. art. 894.1; (2) the defendant was not entitled to a

presentence investigation; and (3) the trial court did not err in failing to order one.

As to the second prong of the excessive-sentence test, the sentence of 35 years at hard labor for the armed robbery and five years with the additional enhancement penalty for using a firearm is not constitutionally excessive. The State points out that the sentencing range for armed robbery is 10 to 99 years at hard labor without benefits. The sentence is not out of proportion to the seriousness of the offenses and does not purposely and needlessly inflict pain and suffering. Considering the circumstances of this case in which the defendant brutally pistol whipped and terrorized people he actually knew (his former coworkers), the 40-year sentence does not shock the sense of justice. As previously mentioned, the Court noted that the State dismissed an attempted second-degree murder charge in a separate incident as well as a pending drug charge. The 40-year sentence imposed in this case is in the lower-range and falls squarely within the parameters of the statutorily provided range. The defendant has failed to show that the trial court abused its discretion in imposing this sentence and that the sentence is constitutionally excessive. This assignment of error lacks merit and is rejected.

## CONCLUSION

For the forgoing reasons, we affirm the defendant's sentences for armed robbery and the additional enhancement for use of a firearm during the commission of the crime.

**AFFIRMED.**

9