CARAWAY, J.
| following a jury trial, Kevin O’Brien Allen was convicted of two counts of distribution of marijuana, in violation of La. R.S. 40:966(A), and was subsequently sentenced to concurrent 10-year hard labor terms on each count, to run consecutively with any other sentence. Allen appeals his sentences. We affirm.

Facts

On June 14, 2013, Kevin O’Brien Allen was charged by bill of information with two counts of distribution of marijuana, after he made two sales of marijuana to a confidential informant on December 27, 2012, and March 13, 2013.
The testimony at trial established that in conjunction with the Bossier Parish Narcotics Task Force, a confidential informant, equipped with video and audio equipment and money for the purchase of marijuana, met with Allen on two occasions. After constant surveillance by narcotics task force officers on each transaction, the confidential informant returned with marijuana. Although the videos of the undercover operations did not show hand-to-hand drug transactions, the confidential informant told task force officers that he did in fact purchase the marijuana from Allen. Lab analysis confirmed that the substance received by the officers, and submitted into evidence at trial, was mari *521 juana. Allen denied selling marijuana to the confidential informant on either occasion and concluded that the drugs were in the confidential informant’s vehicle. By an 11-1 vote, a jury found Allen guilty as charged.
12At the sentencing hearing, the trial court considered the facts of this case, the presentence investigation (“PSI”) report, and the sentencing guidelines set forth in La.C.Cr.P. art. 894.1. Upon review of the PSI, the trial court concluded that it was difficult to find any mitigating factors in Allen’s favor. The court noted Allen’s extensive criminal history which qualified him as a fourth felony offender, specifically noting Allen’s significant drug history, largely involving marijuana, since 2001. Allen’s record included convictions for simple burglary of an inhabited dwelling and possession of marijuana in 2001. For a 2004 conviction of possession of marijuana with intent to distribute, Allen received a suspended 5-year hard labor sentence but had his probation revoked. In 2007, he was convicted of possession of marijuana, second offense, and in 2009, he was convicted of felony possession of marijuana. He had subsequent convictions in 2012 for forgery and misdemeanor theft for which his probation was revoked due to the commission of new offenses. He was also convicted of possession of a Schedule II CDS after he took contraband from a penal institution.
In imposing the chosen sentences, the trial court considered Allen’s drug offense history and observed that any lesser sentence would deprecate the seriousness of the offense. The court noted that Allen faced potential sentencing exposure of 60 years and would not be eligible for probation, which would be inappropriate in any event due to Allen’s previous probation revocations. Thereafter the trial court sentenced Allen to | sconcurrent sentences of 10 years at hard labor on each count to be served consecutive with any other sentence.
On May 29, 2014, Allen filed a motion to reconsider sentence on the grounds of unconstitutional excessiveness, which was denied. This appeal followed.

Discussion

On appeal Allen argues that the concurrent sentences of 10 years at hard labor are excessive under the circumstances of this case. Allen contends that although he has a criminal history, he does not qualify as the worst type of offender as his previous offenses did not involve violence or the use of weapons. He also urges that the amount of marijuana sold is small, indicating that he is not a large-scale dealer, but rather limits his activities to facilitate personal use. Allen.raises issues regarding the trial court’s compliance with La.C.Cr.P. art. 894.1 including the lack of consideration of his social history, work experience, education, or any other mitigating factors. He finally complains that the trial court failed to inquire about past substance abuse treatment.[1]
A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless in *522 fliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). Maximum or near maximum sentences are generally reserved for the worst offenses and offenders. State v. Cozzetto, 07-2031 (La.2/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Kidd, 45,638 (La.App.2d Cir.11/3/10), 55 So.3d 90. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Zeigler, 42,661 (La.App.2d Cir.10/24/07), 968 So.2d 875.
For these offenses, Allen faced sentencing exposure of not less than 5, nor more than 30 years hard labor on each count. La. R.S. 40:966(B)(3). Thus, the imposed 10-year concurrent sentences are in the lower range of sentencing choices. Considering Allen’s persistent criminal history of drug offenses, failure to benefit from prior leniency in sentencing or be rehabilitated through previous incarceration, we cannot find that the imposed sentences amount to a purposeless and needless imposition of pain and suffering. Thus, the trial court acted within its sentencing discretion in imposing the chosen sentences. This assignment of error is without merit.

Decree

For the foregoing reasons, Allen’s convictions and sentences are affirmed.
AFFIRMED.

. Because La.C.Cr.P. art. 894.1 compliance as well as the failure of the trial court to inquire into Allen’s substance abuse treatment history were not raised in the motion to reconsider sentence, Allen is now precluded from raising these issues on appeal and is limited to review of his sentences for constitutional excessiveness. La.C.Cr.P. art. 881.1(E); State v. Mims, 619 So.2d 1059 (La.1993); State v. Humphries, 48,235 (La.App.2d Cir.9/25/13), 124 So.3d 1177. Even so, we find adequate Art. 894.1 compliance by the trial court, including consideration of mitigating factors, and note the trial court’s recommendation that Allen receive substance abuse counseling.