STONE, J.
In this criminal case, the defendant, Julia Ann Washington ("Washington"), pled guilty to manslaughter and was sentenced to 38 years of imprisonment at hard labor. The trial court denied Washington's timely motion to reconsider sentence. Washington now appeals and argues that her sentence is excessive. For the following reasons, we affirm Washington's conviction and sentence.
FACTS
On July 29, 2015, Washington repeatedly stabbed the victim, Carl Grant, in the arm.[1] Approximately 5 days later, on August 3, 2015, Carl Grant sat outside his house while drinking beer with his neighbor, Larry Kelly ("Kelly"). Washington approached the house and started an argument with Carl Grant. Kelly went across the street to his house. From there, Kelly saw Washington throw gasoline on Carl Grant and set him on fire. Kelly ran back to Carl Grant's house, ripped off the burning shirt, and helped extinguish the fire. Washington said "you can call 9-1-1 for that M-Fer" and fled the scene without rendering aid.
Carl Grant sustained second and third degree burns on 20 to 30% of his body-primarily to his face, torso, and arms. After undergoing numerous skin grafts and other surgeries, he died of organ failure due to sepsis on August 22, 2015.
Meanwhile, Washington fled the state, and was subsequently arrested in Massachusetts. She was charged with: (1) two counts of aggravated battery, and (2) one count of second degree murder. She entered a plea of not guilty and not guilty by reason of insanity. Over the course of the proceedings, the trial court appointed two sanity commissions, both of which determined that Washington was competent to proceed and that she was capable of discerning right from wrong at the time that she set Carl Grant on fire with gasoline.
On February 12, 2018, pursuant to a plea agreement, Washington pled guilty to the reduced charge of manslaughter in exchange for the State's dismissal of the *433 two counts of aggravated battery. The plea agreement did not cover sentencing. Prior to entering the guilty plea, Washington was informed of and waived her rights in accordance with Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The trial court ordered a presentence investigation ("PSI") report.
On June 14, 2018, after reviewing the PSI report, the trial court sentenced Washington to 38 years of imprisonment at hard labor. Washington filed a motion to reconsider sentence, arguing that her sentence was constitutionally excessive and that the trial court should give greater weight to her efforts to reform herself since the offense. The trial court denied the motion, stating that it had considered the applicable mitigating factors including Washington's remorse as well as her rehabilitative efforts. The trial court found that any lesser sentence would deprecate the seriousness of the offense. In so doing, the trial court cited Washington's horrific act of setting Carl Grant on fire with gasoline and the unspeakable pain he suffered as a result - as well as several instances of Washington's prior violent conduct, anger issues, and drug and alcohol abuse. This appeal followed.
DISCUSSION
On appeal, the defense argues that Washington's 38-year sentence is excessive and the equivalent of a life sentence for this 52-year-old offender. The defense asserts that the trial court failed to give sufficient weight to Washington's personal history and rehabilitative efforts since the offense, and claims that although Washington committed violent acts in the past, she is only a first-felony offender, is remorseful, and has a history of substance abuse and mental health issues.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness: (1) whether the trial court properly took cognizance of the factors set forth in La. C.Cr.P. art. 894.1 ; and (2) whether the sentence is constitutionally excessive under La. Const. art. I § 20.
As previously stated, we must first determine whether the record shows that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith , 433 So.2d 688 (La. 1983) ; State v. DeBerry , 50,501 (La. App. 2 Cir. 4/13/16), 194 So.3d 657, writ denied , 16-0959 (La. 5/1/17), 219 So.3d 332. Articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos , 419 So.2d 475 (La. 1982) ; State v. DeBerry , supra .
The La. C.Cr.P. art. 894.1 factors to be considered include the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, the seriousness of the offense, and the likelihood of rehabilitation. State v. Jones , 398 So.2d 1049 (La. 1981) ; State v. DeBerry , supra . There is no requirement that any specific factor be given any particular weight at sentencing. State v. DeBerry , supra ; State v. Shumaker , 41,547 (La. App. 2 Cir. 12/13/06), 945 So.2d 277, writ denied , 07-0144 (La. 9/28/07), 964 So.2d 351.
Second, this court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of *434 proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey , 623 So.2d 1276 (La. 1993) ; State v. Bonanno , 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver , 01-0467 (La. 1/15/02), 805 So.2d 166 ; State v. DeBerry , supra .
The trial court has broad discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Williams , 03-3514 (La. 12/13/04), 893 So.2d 7 ; State v. Allen , 49,642 (La. App. 2 Cir. 2/26/15), 162 So.3d 519, writ denied , 15-0608 (La. 1/25/16), 184 So.3d 1289. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and therefore, is given broad discretion in sentencing. State v. Allen , supra . On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Jackson , 48,534 (La. App. 2 Cir. 1/15/14), 130 So.3d 993.
Generally, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto , 07-2031 (La. 2/15/08), 974 So.2d 665 ; State v. Hogan , 47,993 (La. App. 2 Cir. 4/10/13), 113 So.3d 1195, writ denied , 13-0977 (La. 11/8/13), 125 So.3d 445.
The defendant's receipt of a substantial advantage via plea bargain is an appropriate consideration in sentencing. State v. Mendenhall , 48,028 (La. App. 2 Cir. 5/15/13), 115 So.3d 727 ; State v. Ross , 35,552 (La. App. 2 Cir. 2/27/02), 811 So.2d 176. Accordingly, where the defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in sentencing exposure through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. State v. Givens , 45,354 (La. App. 2 Cir. 6/23/10), 42 So.3d 451, writ denied , 10-1584 (La. 1/14/11), 52 So.3d 902 ; State v. Germany , 43,239 (La. App. 2 Cir. 4/30/08), 981 So.2d 792 ; State v. Black , 28,100 (La. App. 2 Cir. 2/28/96), 669 So.2d 667, writ denied , 96-0836 (La. 9/20/96), 679 So.2d 430.
Manslaughter is punishable by imprisonment at hard labor for not more than 40 years. La. R.S. 14:31. In contrast, second degree murder carries a penalty of "life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence." La. R.S. 14:30.1
The trial court did not abuse its discretion in sentencing Washington to 38 years of imprisonment at hard labor. The trial court considered the PSI report and the applicable sentencing factors, and provided detailed reasons for the sentence imposed. The trial court correctly found that Washington is a worst offender. Pouring gasoline on Carl Grant's face and torso and setting him on fire was cruel, depraved, and horrific. Doubtlessly, he suffered unimaginable pain. As the trial court noted, Washington fled the scene and the state.[2] The trial court noted that *435 the facts of this case were sufficient to convict Washington of second degree murder. Therefore, she substantially benefited from the plea agreement by avoiding a mandatory life sentence.
Although Washington is a first-felony offender, she has a significant criminal history. The trial court noted her prior convictions for cruelty to a juvenile in 2004 and aggravated domestic abuse battery in 2013. Additionally, Washington has a history of violent conduct that goes beyond her criminal convictions. She previously threatened to sever another boyfriend's genitals with a knife, and stabbed Carl Grant in the thigh. Five days before setting Carl Grant on fire, she repeatedly stabbed him in the arm, but he never reported it to law enforcement.
In mitigation, the trial court noted that Washington, while incarcerated, has expressed remorse and acceptance of responsibility for her actions. Since she has been incarcerated, she has accepted Christ into her life and is working toward her GED. In reviewing Washington's personal and social history, the trial court noted that Washington is the mother of nine children, none of whom are dependent on her, and that she has no significant work history. The trial court considered numerous letters supporting Washington that her family and friends submitted on her behalf.
In addition, the trial court considered Washington's history of substance abuse and mental health issues. Although she was sober due to her incarceration, Washington has been using drugs since 1988, and at the time of sentencing had substance abuse issues with crack cocaine, marijuana, PCP, and alcohol. She has been in and out of substance abuse treatment and has received mental health treatment for the last 10 years. The trial court noted its review of the sanity commission reports, wherein the doctors found: (1) that Washington was capable of assisting counsel with her defense, and (2) that she could discern right from wrong at the time of setting Carl Grant on fire with gasoline.
The trial court gave sufficient weight to each of the applicable aggravating and mitigating factors and the record adequately supports the sentence imposed. Furthermore, Washington's near maximum 38-year sentence is not constitutionally excessive. She poured gasoline on Carl Grant and set him on fire five days after repeatedly stabbing him in the arm. Considering the horrific nature of Washington's actions in the present case, her history of crime, and the benefit she received from the plea agreement, the sentence imposed by the trial court does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense. This appeal is without merit.
CONCLUSION
For the foregoing reasons, Julia Ann Washington's conviction and sentence are affirmed.
AFFIRMED.

The investigation also revealed that she had previously stabbed Carl Grant in the leg.

Thus, Washington went to great lengths to escape being held responsible for her burning Carl Grant alive, until she was caught by Massachusetts law enforcement - and therefore had virtually no more chance to escape that responsibility. It appears likely that Washington's supposed acceptance of responsibility is motivated at least in part by her desire to minimize the punishment she receives - rather than genuine contrition.