Judgment rendered June 30, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,968-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                                    Appellee

versus

JOSHUA J. WARD                                        Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Franklin, Louisiana
Trial Court No.  2019447F

Honorable John Clay Hamilton, Judge

* * * * *

LOUISIANA APPELLATE PROJECT                Counsel for Appellant
By:  Paula Corley Marx

PENNY WISE DOUCIERE                         Counsel for Appellee
District Attorney

CAROLINE HEMPHILL
AMANDA MICHELE WILKINS
Assistant District Attorneys

* * * * *

Before GARRETT, STONE, and STEPHENS, JJ.

**STONE, J.**

This criminal appeal arises from the Fifth Judicial District Court, Franklin Parish, the Honorable Clay Hamilton presiding. The defendant, Joshua J. Ward ("Ward"), pled guilty to aggravated flight from an officer and was sentenced to 5 years at hard labor. On the same day, Ward pled guilty to possession of methamphetamine (over 2 grams but less than 28 grams) and was sentenced to 10 years at hard labor. *See* No. 53,969-KA. The sentences were ordered to be served concurrently with one another. The defendant now appeals. For the following reasons, Ward's conviction and sentence is affirmed.

## FACTS

On June 15, 2019, officers of the Winnsboro Police Department responded to a shooting at the Westwood Apartments in Winnsboro, Louisiana. As they arrived, officers observed Ward driving away at a high rate of speed. The officers attempted to stop Ward's vehicle; however, Ward refused to comply. After traveling at speeds in excess of 100 mph, crossing the center line, and traveling into oncoming traffic on Highway 4, Ward finally stopped. Following the stop, officers searched the vehicle and found a plastic Glock pistol case and four magazines (two of which contained .40 caliber ammunition). On the driver's side floorboard, officers also found a plastic bag of several multi-colored tablets, which were later determined to contain methamphetamine. Ward was charged in separate bills of information with attempted second-degree murder, aggravated flight from an officer where human life is endangered, and possession of a Schedule II CDS, methamphetamine (more than 2 grams but less than 28 grams) (No. 53,969-KA).

On January 8, 2020, pursuant to a plea agreement, Ward pled guilty to aggravated flight from an officer and possession of methamphetamine (more than 2 grams but less than 28 grams). In exchange, the state dismissed the attempted second-degree murder charge, as well as another unspecified charge. There was no sentencing agreement, but the parties agreed that Ward would be sentenced by the trial court after a pre-sentence investigation ("PSI") report.

On March 11, 2020, after reviewing the PSI report, the trial court sentenced Ward to 5 years at hard labor for the aggravated flight from an officer conviction.[1] Defense counsel made a generic, oral objection to the sentences, and subsequently filed a motion to reconsider, which set forth no specific complaints. The motion was denied. This appeal followed.

## DISCUSSION

Ward argues that his aggravated flight from an officer sentence is unconstitutionally harsh and excessive. He contends that a maximum sentence is not warranted, as he caused no physical injuries or property damage during his two-minute flight from officers. Ward further argues that he is a 28-year-old, second felony offender and is not the worst offender. He has strong family support to aid in his rehabilitation, has always maintained employment, attends church regularly, and consistently sees and supports his two six-year-old children.

The state argues that Ward has failed to establish that the trial court abused its discretion in its sentence. The state notes that Ward received a

---

[1] The trial court imposed an enhanced sentence of 10 years at hard labor, for the possession of methamphetamine conviction, after determining this was Ward's second drug offense conviction. The sentences were ordered to be served concurrently.

tremendous benefit when the state dismissed the attempted murder charge and when the trial judge ordered that the sentences be served concurrently.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. DeBerry*, *supra*. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, *supra*. The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v. Parfait*, 52,857 (La. App. 2 Cir. 8/14/19), 278 So. 3d 455, *writ denied*, 19-01659 (La. 12/10/19), 285 So. 3d 489.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v.*

3

*Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208.

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Allen*, *supra*. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Adams*, 53,055 (La. App. 2 Cir. 11/20/19), 285 So. 3d 526.

As a general rule, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031 La. 2/15/08), 974 So. 2d 665; *State v. Hogan*, 47,993 (La. App. 2 Cir. 4/10/13), 113 So. 3d 1195, *writ denied*, 13-0977 (La. 11/8/13), 125 So. 3d 445.

The defendant's receipt of a substantial advantage via plea bargain is an appropriate consideration in sentencing. Accordingly, where the defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in sentencing exposure

4

through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. *State v. Washington*, 52,518 (La. App. 2 Cir. 2/27/19), 266 So. 3d 430, *writ denied*, 19-00776 (La. 10/21/19), 280 So. 3d 1174.

La. R.S. 14:108.1(E) provides that a person convicted of aggravated flight from an officer shall be imprisoned at hard labor for not more than five years and may be fined not more than $2,000.00.

At the sentencing hearing, the trial court reviewed the PSI report, the facts of this case, and the applicable sentencing factors set forth in La. C. Cr. P. art. 894.1. The trial court gave sufficient weight to each of the applicable aggravating and mitigating factors and the record adequately supports the sentence imposed.

The trial court reviewed Ward's criminal history as follows: In 2008, Ward was arrested for discharging firearms where prohibited, disturbing the peace, and aggravated second degree battery; he pled guilty to aggravated second degree battery and was sentenced to six years at hard labor, with five years and three months suspended, and five years of probation. While Ward was on probation, in 2012, he was arrested for possession of marijuana, simple battery, and aggravated assault; he pled guilty to possession of marijuana and simple battery, and was sentenced to 90 days on each charge. At that time, his probation was revoked and he was remanded to serve the original six-year sentence. Ward was released on parole in May 2017, and was arrested for the instant offenses in June 2019, while still on parole. The trial court stated that Ward has been unable to successfully complete any significant period of probation or parole, that his prior criminal activity was

5

not abated or tempered by his previous entitlement to probation or parole, and that his prior offenses involved firearms and crimes against the person.

The trial court noted that Ward's conduct threatened, caused, or could have caused serious harm, that Ward was again involved in conduct which involved harm to a person and firearms, that the victims did not induce or facilitate the commission of the crimes, and that there was no indication that Ward's imprisonment would entail any excessive hardship to himself or his dependents. The trial court found that Ward was unwilling to accept responsibility for his actions, and referencing Ward's statement, found that Ward's history of criminal conduct indicates that he will continue to be in the wrong place at the wrong time in the future. Further, the trial court stated that Ward substantially benefitted from the plea agreement and reduced sentence exposure, as he was charged with attempted second-degree murder, which, carries up to 50 years imprisonment. In essence, Ward avoided a potential lengthy sentence.

Ward's sentence is not constitutionally excessive, nor does it shock the sense of justice, or is grossly disproportionate to the severity of the offense. The trial court did not abuse its discretion in sentencing Ward to 5 years at hard labor for aggravated flight from an officer. The trial court appropriately considered Ward's criminal history and the benefit he received from the plea agreement.

## CONCLUSION

For the foregoing reasons, Joshua Ward's sentence is affirmed.

**AFFIRMED.**