Judgment rendered March 1, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,941-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                        Appellee

versus

JONATHAN DANIEL WAGAR                     Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 230984

Honorable Michael Owens Craig, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Douglas Lee Harville

JONATHAN DANIEL WAGAR                      Pro Se

JOHN SCHUYLER MARVIN                   Counsel for Appellee
District Attorney

ALEXANDRA AIELLO
RICHARD RUSSELL RAY
Assistant District Attorneys

* * * * *

Before PITMAN, STONE, and MARCOTTE, JJ.

**STONE, J.**

This criminal appeal comes from the 26th Judicial District Court, the Honorable Judge Michael O. Craig, presiding. A unanimous jury convicted Jonathan Daniel Wagar ("the defendant") of sexual battery, in violation of La. R.S. 14:43.1(A)(2), and he was sentenced to 75 years at hard labor, with the first 25 years to be served without the possibility of probation, parole, or suspension of sentence. The defendant now appeals his conviction and sentence, arguing that the State failed to sufficiently prove that the defendant was guilty of sexual battery because of inconsistencies in the victim's recorded statements and her trial testimony was possibly coached; the trial court erred in sentencing the defendant pursuant to La. R.S. 14:43.1(C)(2) rather than La. R.S. 14:43.1(C)(1) because the amended bill of information, jury instructions, and the verdict form did not require the jury to make the necessary findings to support the enhanced sentence; and the trial court imposed an excessive sentence. For the following reasons, we affirm the defendant's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

The victim, in this case, is H.D., born November 23, 2010, the stepdaughter of the defendant, born November 5, 1977. H.D., her siblings, her mother, and the defendant resided in hotels or with friends when the abuse occurred. Eventually, H.D.'s mother lost custody of her children, and they became wards of the State of Louisiana. Shortly thereafter, H.D. was placed in her grandmother's custody and at the end of 2018, began counseling with Stephanie Mesloh ("Mesloh"). In January 2019, the Bossier Parish Sheriff's Office ("BPSO") received a report from Mesloh that a child disclosed that she had been sexually abused.

On January 23, 2019, eight-year-old H.D. was interviewed at the Gingerbread House by forensic interviewer Lacie Hadley ("Hadley"). On April 22, 2019, the defendant was charged by bill of information with the sexual battery of H.D., in violation of La. R.S. 14:43.1(A)(2), with the alleged events occurring between April 6, 2018 and September 9, 2018. A year later, on October 23, 2019, H.D. was interviewed a second time at the Gingerbread House.

The defendant entered a plea of not guilty and elected to have a jury trial. The trial commenced on January 3, 2022. The State called a total of four witnesses: Mesloh, Hadley, Debra McKay ("Det. McKay") of the BPSO, and H.D. Mesloh testified that she is a licensed professional counselor and that she began counseling H.D. in either November or December 2018 because there were behavioral issues with H.D. and her brother while living with her grandparents. Mesloh further testified that she counseled H.D. for over two years. After several months, H.D. revealed that she had been touched on the genitalia by the defendant. She also recounted how the defendant would make her stand in front of him in her underwear, eventually leading to H.D. standing before him totally naked.

Additionally, Mesloh testified that H.D. stated that the defendant would touch her on the breasts and genitalia while simultaneously making H.D. touch his genitals. Mesloh further testified that it took several months of counseling before H.D. revealed the abuse and that it is not uncommon for children to disclose sexual abuse over multiple sessions.[1] After the initial disclosure, Mesloh stated that H.D. later disclosed that the defendant

---

[1] Mesloh had ten monthly meetings with H.D. before she revealed the abuse.

2

would make her put lotion on his genitals and go up and down with her hand. She testified that H.D. told her that the abuse occurred one time at her mom's house and all other times in hotels. Mesloh explained that the abuse occurred at times with H.D.'s mom present and other times with her mom absent, but at all times with her brother present.[2] Mesloh testified that once H.D. revealed that she was touched, she informed H.D.'s grandmother and contacted the police.[3]

Hadley testified that in 2019, she was employed as a forensic interviewer at the Gingerbread House and interviewed H.D. on January 23, 2019. The video recording of one of H.D.'s Gingerbread House interviews was introduced as evidence and played for the jury. While viewing the video in open court, Hadley identified herself, H.D., and confirmed that the interview was, indeed, the one she conducted with the child. She further confirmed that the video did not appear to be altered. She testified that in her experience, delayed disclosure is common in children who are victims of sexual abuse and that they often divulge additional details as time progresses. She further testified that law enforcement always has to set up additional interviews with the victim.

Det. McKay testified about how the investigation began and that H.D. was eight years old at the time. She explained that a second Gingerbread House interview was needed because of additional disclosures made by H.D. The second video recording of H.D.'s Gingerbread House interview was introduced as evidence and played for the jury. Det. McKay further

---

[2] The defendant would instruct H.D.'s brother to turn to face the wall.

[3] Mesloh contacted the police twice.

3

testified that H.D. made additional statements about the defendant touching her inappropriately and attempted penetration. She identified the defendant as the offender.

H.D. was the last to testify at trial and identified the defendant as the perpetrator. She testified that she is currently 11 years old and is in the fifth grade. She recalled that she, her mom, siblings, and the defendant would mostly live in hotels. H.D. testified that the hotel room had two beds and a kitchen. During her testimony, H.D. confirmed that the contents of her Gingerbread House interviews were true. She answered "yes" when the defense asked if it was accurate that there was an incident involving the defendant having her pull down her underwear, then his pants, and exposing his genitals. She further testified that what came from the defendant's genitals was purple, and the lotion was white.

At the conclusion of the trial, the jury returned a unanimous guilty verdict on the sexual battery charge. On March 3, 2022, the defendant filed a motion for post-judgment verdict of acquittal, which was denied.[4] The defendant was sentenced to 75 years at hard labor, with the first 25 years to be served without the possibility of probation, parole, or suspension of sentence. On March 11, 2022, the defendant filed a motion to reconsider sentence, and the trial court denied that motion without a hearing. The defendant appeals his conviction and sentence, urging the following assignments of error: (1) the State failed to sufficiently prove that the defendant was guilty of sexual battery because of inconsistencies in the victim's recorded statements and her trial testimony was possibly coached;

---

[4] The defendant's pro se motion for new trial was also denied because the defendant was represented by counsel, and counsel could have objected during the trial.

4

(2) the trial court erred in sentencing the defendant pursuant to La. R.S. 14:43.1(C)(2) rather than La. R.S. 14:43.1(C)(1) because the amended bill of information, jury instructions, and the verdict form did not require the jury to make the necessary findings to support the enhanced sentence; and (3) the trial court imposed an excessive sentence.

## DISCUSSION

### Sufficiency of evidence

In his first assignment of error, the defendant argues that the State presented insufficient evidence at trial to sustain a guilty verdict. The defendant alleges that the victim's two Gingerbread House interviews were inconsistent and contradictory. Specifically, in H.D.'s second interview, she did not state that the defendant made her touch him and that H.D. spoke of a "purple" substance coming out of his genitals. Furthermore, the defendant asserts that H.D. was "coached" because she often stated, "I cannot recall," and when she described the hotel room setup as "it would be your normal two-bed with a single, with the kitchen right beside it."

The State argues that it presented sufficient evidence at trial to support the defendant's conviction for sexual battery. It contends that H.D.'s testimony was consistent in both Gingerbread House interviews and that the defendant did not provide the court with the alleged inconsistent testimony. Furthermore, in both interviews, H.D. was consistent that defendant made physical contact with her genitalia and used his own. She was also consistent with her description of the purple substance coming from the defendant's penis. The State also argues that the jury found the State's witnesses more credible than the defendant. Regarding the coaching claim,

5

the State points out that at trial, H.D. testified that she understood the difference between the truth and a lie.

The standard of appellate review for the sufficiency of the evidence to uphold a conviction is whether viewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004); *State v. Ward*, 50,872 (La. App. 2 Cir. 11/16/16), 209 So. 3d 228, *writ denied*, 17-0164 (La. 9/22/17), 227 So. 3d 827. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. *State v. Ward*, *supra*; *State v. Dotie*, 43,819 (La. App. 2 Cir. 1/14/09), 1 So. 3d 833, *writ denied*, 09-0310 (La. 11/6/09), 21 So. 3d 297. On appeal, a reviewing court must view the evidence in the light most favorable to the prosecution and must presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence. *Jackson*, *supra*.

The appellate court does not assess the credibility of witnesses or reweigh evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *State v. Ward*, *supra*. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. *State v. Ward*, *supra*; *State v. Eason*, 43,788 (La. App. 2 Cir. 2/25/09), 3 So. 3d 685, *writ denied*, 09-0725 (La. 12/11/09), 23 So. 3d 913. In the absence of internal contradiction or irreconcilable conflict with the physical evidence, the testimony of one witness, if believed by the trier of fact, is

sufficient support for a requisite factual conclusion. *State v. Burd*, 40,480 (La. App. 2 Cir. 1/27/06), 921 So. 2d 219, *writ denied*, 06-1083 (La. 11/9/06), 941 So. 2d 35.

The *Jackson*, *supra*, standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. *State v. Sutton*, 436 So. 2d 471 (La. 1983); *State v. Ward*, *supra*; *State v. Speed*, 43,786 (La. App. 2 Cir. 1/14/09), 2 So. 3d 582, *writ denied*, 09-0372 (La. 11/06/09), 21 So. 3d 299. To convict a defendant based upon circumstantial evidence, every reasonable hypothesis of innocence must be excluded. La. R.S. 15:438; *State v. Barakat*, 38,419 (La. App. 2 Cir. 6/23/04), 877 So. 2d 223.

At the time of the commission of the alleged sexual battery, La. R.S. 14:43.1(A)(2) stated, in pertinent part:

> A. Sexual battery is the intentional touching of the …or genitals of the victim by the offender using any… or any part of the body of the offender, directly or through clothing, or the touching of the … or genitals of the offender by the victim using any… or any part of the body of the victim, directly or through clothing, when any of the following occur:
>
> 2. The victim has not yet attained 15 years of age and is at least three years younger than the offender.
>
> C(1) Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor,

without benefit of parole, probation, or suspension of sentence, for not more than ten years.

C(2) Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

Viewing the evidence in the light most favorable to the prosecution, the State presented sufficient evidence at trial for a reasonable jury to convict the defendant of sexual battery of a victim under the age of 15. The State established that H.D. was eight years old (born November 23, 2010), and the defendant (born (November 5, 1977) was 40 years old when he committed sexual battery upon H.D. At trial, the jury heard H.D.'s testimony and viewed the videos of her interviews at the Gingerbread House. A rational trier of fact could conclude that the evidence established the defendant's guilt beyond a reasonable doubt. The sole testimony of H.D. alone was sufficient to convict the defendant. H.D.'s testimony was consistent throughout her ordeal, including her initial reporting of the incident to Mesloh, and her participation in both Gingerbread House interviews. She was further consistent that the substance coming from the defendant's penis was purple. We reject the defendant's arguments about possible coaching concerning H.D. stating, "I cannot recall," and when she described the hotel room setup as "it would be your normal two-bed with a single, with the kitchen right beside it." While H.D. may have overheard terminology used to described the hotel rooms, it is not indicative that she has been coached. H.D.'s testimony remained consistent. The jury clearly chose to accept H.D.'s, Mesloh's, Hadley's, and Det. McKay's testimony as

8

more credible than that of the defendant. It was within the discretion of the trier of fact to make such a credibility determination, and this court will not disturb this determination on appeal. This assignment of error lacks merit and is rejected.

**Enhancement invalid**

In his second assignment of error, the defendant argues that the bill of information, as amended when the trial commenced, was substantially defective, as well as the jury instructions and the verdict form. Specifically, he urges that the jury instructions did not require the jury to find that H.D. was under the age of 13 and that the defendant was over the age of 17 to support the enhanced sentence; it only required that the jury find that H.D. was under 15. Because of the age factor, the defendant contends that the amended bill of information and jury instructions failed to comply with *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The defendant urges that he should have been sentenced pursuant to La. R.S. 14:43.1(C)(1) rather than La. R.S. 14:43.1(C)(2), and his sentenced should be vacated.

The State argues that the amended bill of information that the clerk read stated the defendant's age, H.D.'s age, and that H.D. was under the age of 15 and at least three years younger than the defendant. The State urges that the statute, the amended bill of information, and the jury charge required the necessary findings of the age of H.D. and that the defendant was more than three years older than H.D. based on the testimony and evidence presented at trial. The State asserts that all the elements of sexual battery were proven, and the fact that the defendant was over the age of 17 at the

9

time of the sexual battery required the sentencing be pursuant to La. R.S. 14:43.1(C)(2).

In *Apprendi*, *supra*, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." The defendant in *Apprendi*, *supra*, pled guilty to an offense which carried a sentencing range of 5 to 10 years. After the plea, but before sentencing, the prosecution moved under the New Jersey hate crime law to increase the penalty range to 10 to 20 years. The New Jersey procedure for sentencing enhancement under the hate crime statute allowed the matter to be tried by a judge and prescribed a preponderance of the evidence burden of proof. In reversing the ruling, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."

In *State v. Gibson*, 09-486 (La. App. 5 Cir. 3/9/10), 38 So. 3d 373, *writ denied*, 10-0802 (La. 11/05/10), 50 So. 3d 814, the defendant was convicted of sexual battery. The defendant argued that the trial court erred in sentencing him in accordance with the penalty provision of La. R.S. 14:43.1(C)(2), an enhanced penalty imposed when the offense involves a victim under 13 years old and the offender is 17 years or older. The defendant asserted that neither the jury's verdict nor the jury instructions referenced the additional age requirements of La. R.S. 14:43.1(C)(2). The defendant was initially charged with aggravated rape but was found guilty of the responsive verdict of sexual battery. The jury, however, did not indicate

10

on the verdict form that the defendant was older than 17 years of age or that the victim was under the age of 13. The *Gibson* court held that the failure to submit a sentencing factor to the jury is not a structural error and is subject to harmless error analysis. *State v. Robinson,* 49,821 (La. App. 2 Cir. 5/20/15), 166 So.3d 395, *writ denied,* 15-1400 (La. 9/16/16), 206 So. 3d 201. It further held that the State must explicitly note in the bill of information that the enhanced sentence provision is applicable to a defendant, and the trial court must include a jury instruction reflecting the ages of the victim and defendant. *State v. Gibson*, *supra; State v. Robinson, supra.* However, a harmless error analysis is applicable in instances where these requirements are not met. *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999); *State v. Gibson*, *supra; State v. Robinson, supra*.

Here, the alleged error is clearly an *Apprendi* violation. The State should have explicitly noted in the amended bill of information and jury instructions that the enhanced sentence provision in La. R.S. 14:43.1(C)(2) was applicable to the defendant and H.D. was under the *age of 13*, not 15. However, we find that a harmless error analysis is appropriate in this case to determine whether the trial court's error in failing to instruct the jury as to the enhanced penalty provision of La. R.S. 14:43.1(C)(2) was harmless. At all times, the bill of information contained the victim's initials, the victim's and the defendant's birthdays, the defendant's name, the time frame of the sexual battery, and La. R.S. 14:43.1(A)(2). Here, H.D. testified that she was born on November 23, 2010, and the bill of information indicated the same. She further testified that the abuse occurred once when she lived with her mother, the defendant, and her siblings in a home, but other times in

11

hotels or when the family lived with friends prior to September 11, 2018. Det. McKay testified that H.D. was eight years old when the investigation began in January 2019. The defendant's physical appearance was open to view, and the jury used their logic and reasoning to determine the defendant's age. The State proved beyond a reasonable doubt that H.D. was under the age of 13 and that the defendant was over the age of 17 to utilize the enhancement. Although the trial court clearly committed an *Apprendi* violation, we find the error was harmless. Accordingly, this assignment of error lacks merit and is rejected.

**Excessive Sentence**

In his third assignment of error, the defendant argues that the trial court imposed an excessive sentence. The defendant contends that he is 44 years old and had no prior conviction for a crime of violence or a sex offense. He asserts that this life sentence will lead to him "dying in jail." The State counters that the trial court (1) had the benefit of a detailed pre-sentence investigation report ("PSI"); (2) the trial court considered the guidelines of La. C. Cr. P. art. 894.1; (3) it gave reasons for the sentence; and (4) the sentence was within the sentencing range for the offense. It urges that the defendant benefited from receiving 75 years rather than the maximum of 99 years.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr .P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. West*, 53,526 (La.

12

App. 2 Cir. 6/24/20), 297 So. 3d 1081; *State v. Sandifer*, 53,276 (La. App. 2 Cir. 1/15/20), 289 So. 3d 212; *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332. The articulation of the factual basis for a sentence is the goal of La. C. Cr .P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C.Cr.P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. Lee*, 53,461 (La. App. 2 Cir. 4/22/20), 293 So. 3d 1270, *writ denied*, 20-00582 (La. 10/14/20), 302 So. 3d 1113; *State v. Payne*, 52,310 (La. App. 2 Cir. 1/16/19), 262 So. 3d 498; *State v. DeBerry*, *supra.* The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996); *State v. West, supra*; *State v. Valadez*, 52,162 (La. App. 2 Cir. 8/15/18), 251 So. 3d 1273; *State v. Jackson*, 51,575 (La. App. 2 Cir. 9/27/17), 244 So. 3d 764; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, *supra*. The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v. Parfait*, 52,857 (La. App. 2 Cir. 8/14/19), 278 So. 3d 455, *writ denied*, 19-01659 (La. 12/10/19), 285 So. 3d 489.

Second, an appellate court must determine if the sentence is constitutionally excessive. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1. A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. *State v. Bonanno*, 384 So. 2d 355 (La. 1980); *State v. Smith*, *supra*. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, *supra*.

A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. West*, *supra; State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208. The sentencing court has wide discretion to impose a sentence within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Allen*, *supra*. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Williams*, *supra*; *State v. Tubbs*, 52,417 (La. App. 2 Cir. 11/20/19), 285 So. 3d 536, *writ denied*, 20-00307 (La. 7/31/20), 300 So. 3d 404, *on recons.,* 20-00307 (La. 9/8/20), 301 So. 3d 30, and *writ denied,* 20-00307 (La. 9/8/20), 301 So. 3d 30.

At the sentencing hearing, the trial court complied with La. C. Cr. P. art. 894.1. It reviewed the PSI, the facts of the case, and the victim's impact statement from her guardian/ grandmother. While the trial court did not

14

provide a detailed analysis of the statutory sentencing guidelines, it clearly articulated a factual basis for the sentence imposed. The trial court found that there is an undue risk that during the period of a suspended sentence or probation that the defendant will commit another crime; the defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; the defendant's conduct during the commission of the offense manifested deliberate cruelty to the victim; the defendant used his position or status to facilitate the commission of the offense because H.D. was under his direct control and supervision as the defendant was her stepfather; and the defendant knew or should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to extreme youth.

As to the second prong of the excessive-sentence test, the sentence of 75 years at hard labor, with the first 25 years to be served without the possibility of probation, parole, or suspension of sentence for sexual battery is not constitutionally excessive. The sentence is not out of proportion to the seriousness of the offenses and does not purposely and needlessly inflict pain and suffering. Considering the defendant's sexual battery of H.D., the sentence imposed by the trial court does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense. This assignment of error lacks merit and is rejected.

## ERROR PATENT REVIEW

A review of the record reveals that the trial court did not properly inform the defendant of the sex offender notification requirements outlined in La. R.S. 15:543. At all relevant times, sexual battery of a victim under the age of 15 has been defined as a sex offense by La. R.S. 15:541. La. R.S.

15

15:542 provides registration requirements for sex offenders. Additionally, La. R.S. 15:543 requires that the trial court notify a defendant charged with a sex offense in writing of the registration requirements. There being no indication in the record as to whether the defendant is aware of the sex offender registration requirements, we remand this case to the trial court for the purpose of providing him the appropriate written notice of the sex offender registration requirement. *State v. Dale*, 50,195 (La. App. 2 Cir. 11/18/15), 180 So. 3d 528; *State v. Williams*, 49,249 (La. App. 2 Cir. 10/1/14), 149 So. 3d 462, *writ denied,* 14-2130 (La. 5/22/15), 173 So. 3d 1167; *State v. Scott*, 42,997 (La. App. 2 Cir. 2/13/08), 975 So. 2d 782.

## CONCLUSION

For the foregoing reasons, we affirm the defendant's conviction and sentence. This matter is remanded to the trial court with instructions to correct the minutes and to provide defendant with written notice of the requirement that he register as a sex offender.

**CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.**