Judgment rendered January 15, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,043-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Plaintiff-Appellee

versus

TERRY JOHNSON                               Defendant-Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 392,330

Honorable Christopher T. Victory, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for
By: Peggy J. Sullivan                   Defendant-Appellant

JAMES EDWARD STEWART, SR.               Counsel for
District Attorney                       Plaintiff-Appellee

MARGARET RICHIE GASKINS
VICTORIA T. WASHINGTON
Assistant District Attorneys

* * * * *

Before PITMAN, THOMPSON, and HUNTER, JJ.

**HUNTER, J.**

Defendant, Terry Johnson, was charged by bill of information with two counts of armed robbery with a dangerous weapon, in violation of La. R.S. 14:64.3, and possession of a firearm by a convicted felon, in violation of La. R.S. 95.1. Pursuant to a plea agreement, defendant pled guilty to possession of a firearm by a convicted felon, and the State dismissed the armed robbery charges and agreed not to file a habitual offender bill of information. Defendant was sentenced to serve 20 years at hard labor without the benefit of probation, parole, or suspension of sentence and was order to pay a fine in the amount of $5,000. For the following reasons, we affirm defendant's conviction and the 20-year sentence. We vacate the $5,000 fine and remand this matter to the trial court with instructions to conduct a hearing, pursuant to La. C. Cr. P. art. 875.1, to determine defendant's ability to pay a fine and to have the clerk of court prepare a uniform order of commitment in accordance with La. C. Cr. P. art. 892.

## FACTS

On November 9, 2022, Dustin Rachal was playing a game of dice at the home of Joshua Dodson, when a person he described as "an older black man" pointed a semi-automatic handgun at them and demanded their money. Rachal and Dodson stated the robber, who was wearing a hat, took $120-140 from them and fled in a white SUV. Rachal pursued the SUV in his vehicle.

Soon thereafter, an officer with the Shreveport Police Department observed a white SUV traveling on Jewella Avenue at a high rate of speed. The SUV was followed by a silver truck driven by Rachal. As he approached the officer, Rachal informed him he had just been robbed by a

person in the white SUV. The officer broadcasted the report over the police radio, and another officer conducted a traffic stop of the suspect vehicle. While standing outside of the vehicle, the police officer observed a handgun protruding from beneath the front passenger seat. Defendant, Terry Johnson, was identified as the person sitting in the front passenger seat. After he was advised of his *Miranda* rights, defendant admitted he owned the firearm. Defendant also stated he was a convicted felon, he was aware he was prohibited from possessing a firearm, and he had purchased the firearm because he "needed to protect himself."

Rachal and Dodson identified defendant as the person who robbed them and stated they knew defendant from "around the neighborhood."[1] Pursuant to the search incident to the arrest, the officers found $167 in cash in defendant's front pocket.

Defendant was charged by bill of information with two counts of armed robbery with a dangerous weapon, in violation of La. R.S. 14:64.3, and possession of a firearm by a convicted felon, in violation of La. R.S. 95.1. Pursuant to a plea agreement, defendant pled guilty to possession of a firearm by a convicted felon, and the State agreed to drop the armed robbery charges. Following a hearing, defendant was sentenced to serve 20 years at hard labor without the benefit of probation, parole, or suspension of sentence. He was also ordered to pay a fine in the amount of $5,000. The trial court denied defendant's motion to reconsider sentence.

---

[1] Less than one month after the incident, Rachal and Dodd executed affidavits, in which they attested defendant was not the person who robbed them. They stated they misidentified defendant because they were intoxicated.

2

Defendant appeals.[2]

## DISCUSSION

Defendant contends the sentence imposed, 20 years at hard labor without the benefit of probation, parole, or suspension of sentence, in addition to a $5,000 fine, is constitutionally excessive. He argues considering the record as a whole, including the potential hardship a prolonged incarceration would have on his family, his employment, mental health diagnosis (bipolar disorder), substance abuse issues, eleventh grade education, and his age (at the time of sentencing defendant was nearly 56 years-old), the maximum sentenced imposed is unwarranted.

In reviewing a sentence for excessiveness, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. *State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307; *State v. Kelly*, 52,731 (La. App. 2 Cir. 6/26/19), 277 So. 3d 855, *writ denied*, 19-01845 (La. 6/3/20), 296 So. 3d 1071. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Bell*, *supra*; *State v. Kelly*, *supra*.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is

---

[2] After the motion for appeal was granted, defendant filed a pro se motion to clarify sentence. The trial court denied the motion, noting, "Motion is premature; sentence currently being appealed."

grossly out of proportion to the severity of the crime or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bell, supra*. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Bell, supra*.

The trial court has wide discretion in the imposition of sentences within the statutory limits, and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Bell, supra*. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. *Id.*; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289. On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Bell, supra*; *State v. Kelly, supra*.

Whoever is found guilty of possession of a firearm or carrying concealed weapon by a person convicted of certain felonies shall be imprisoned at hard labor for not less than five nor more than 20 years without the benefit of probation, parole, or suspension of sentence and be fined not less than $1,000 nor more than $5,000. La. R.S. 95.1(B).

At the sentencing hearing, the trial court noted for the record it considered the PSI report and the sentencing guidelines set forth in La. C. Cr. P. art. 894.1. The trial court also recognized defendant's criminal history and noted in the past, defendant had violated his probation or parole on four

occasions. The court noted defendant was in need of correctional treatment and stated any lesser sentence would deprecate the seriousness of the crime. More specifically, the trial court stated aggravating factors applied because defendant knowingly created a risk of death or great bodily harm to more than one person and used violence or threats of violence by holding two victims at gunpoint while demanding money from them. Additionally, the court noted defendant "has a long criminal history dating back to 1985," including burglary, multiple robberies, possession of a firearm by a convicted felon, possession of controlled dangerous substances, unauthorized entry of an inhabited dwelling, and armed robbery.

With regard to mitigating factors, the court noted defendant was employed and had two children. The court stated defendant's imprisonment would create a hardship to him and his dependents. The court further noted defendant's history of substance abuse, and stated "the likelihood of rehabilitation based on the criminal history is low."

After reviewing this record, we find no abuse of discretion with regard to the sentence imposed. The trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1, and considered the aggravating and mitigating circumstances in this case. The court noted defendant's personal, social, employment, and criminal history and considered the gravity of the defendant's offenses and the risk of harm created to the victims. Moreover, defendant gained a substantial reduction in his sentence exposure, from a potential sentence of 99 years for each count of armed robbery. In reviewing the record and in light of the harm done to society, the 20-year sentence does not ostensibly shock the sense of justice. Based on this

record, we cannot say the trial court abused its discretion in sentencing defendant.

## ERRORS PATENT

We have reviewed the record for errors patent in accordance with La. C. Cr. P. art. 920 and we note there is an error in the proceedings regarding the imposition of the $5,000 fine. Effective August 1, 2022, La. C. Cr. P. art. 875.1 was amended and reenacted to require a financial hardship hearing. La. C. Cr. P. art. 875.1 provides, in pertinent part:

***

C. (1) Notwithstanding any provision of law to the contrary, prior to ordering the imposition or enforcement of *any* financial obligations as defined by this Article, *the court shall conduct a hearing to determine whether payment in full of the aggregate amount of all the financial obligations to be imposed upon the defendant would cause substantial financial hardship to the defendant or his dependents*. The court may consider, among other factors, whether any victim of the crime has incurred a substantial hardship as a result of the criminal act or acts and whether the defendant is employed. The court may delay the hearing to determine substantial financial hardship for a period not to exceed ninety days, in order to permit either party to submit relevant evidence. (Emphasis added).

(2) The defendant or the court may waive the judicial determination of a substantial hardship required by the provisions of this Paragraph. If the court waives the hearing on its own motion, the court shall provide reasons, entered upon the record, for its determination that the defendant is capable of paying the fines, fees and penalties imposed without causing a substantial hardship.

D. (1) If the court determines that payment in full of the aggregate amount of all financial obligations imposed upon the defendant would cause substantial financial hardship to the defendant or his dependents, the court shall do either of the following:

(a) Waive all or any portion of the financial obligations, except as provided in Paragraph E of this Article.
(b) Order a payment plan that requires the defendant to make a monthly payment to fulfill the financial obligations.
***

6

The imposition of a fine is mandatory under La. R.S. 14:95.1. We note defendant was represented at trial by the indigent defendant's officer and by the Louisiana Appellate Project on appeal. Due to defendant's apparent indigent status, we find the trial court was required to conduct a hearing pursuant to La. C. Cr. P. 875.1, prior to imposing the $5,000 fine. There is no evidence in the record to establish defendant or the trial court waived the determination of financial hardship. Because a hearing was not held, we vacate the $5,000 fine, and we remand the matter to the trial court with instructions to conduct a hearing in accordance with La. C. Cr. P. art. 875.1. See, *State v. Jamison*, 55,361 (La. App. 2 Cir. 11/29/23), 375 So. 3d 619; *State v. Gant*, 54,837 (La. App. 2 Cir. 1/11/23), 354 So. 3d 824.

We also note the record does not contain a uniform order of commitment. La. C. Cr. P. art. 892(B) requires the clerk of court of the district court to prepare "[a] copy of the Uniform Sentencing Commitment Order in the format authorized by the Louisiana Supreme Court[.]" Although the failure to comply with the provisions of Article 892 shall not affect the validity of a prosecution, conviction, or sentence, *See* La. C. Cr. P. art. 892(D), upon remand, we instruct the court to have the clerk create a uniform commitment order in accordance with Article 892.

## CONCLUSION

For the foregoing reasons, we affirm defendant's conviction and the 20-year sentence imposed. We vacate the portion of the sentence imposing a $5,000 fine and remand this case with instructions to conduct a hearing pursuant to La. C. Cr. P. art. 875.1 to determine the defendant's ability to

pay a fine and to have the clerk of court prepare a uniform order of commitment in accordance with La. C. Cr. P. art. 892.

**CONVICTION AFFIRMED; SENTENCE VACATED, IN PART; REMANDED WITH INSTRUCTIONS.**